*L. Barbour* and *J. D. Howland*, for appellants.
*M. M. Ray* and *A. Major*, for appellees.

Nov. Term,
1860.

FROST
v.
DODGE.

---

FROST and Another *v.* DODGE and Another.

Where a judgment is regular, it cannot be set aside on motion for any other purpose, than to let in a defense to the merits; and the nature of such defense must be distinctly stated in writing, and verified by affidavit.

It is not enough for a party applying to have a judgment set aside, to allege that he was unable to attend and make his defense, without showing the nature, or cause, of such inability.

APPEAL from the *Howard* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, brought this action against the appellants, who were the defendants, upon a promissory note for the payment of $300. On the second day of the term, in which the cause was set for trial,

15   139
138   371,

Saturday,
December 1.

the defendants appeared by attorney, and having been ruled to answer, their appearance was withdrawn; when they were called and regularly defaulted; and, thereupon, a judgment, by default, was rendered against them. After this, on the fifth day of the term, *William Frost*, one of the defendants, moved to set aside the default, upon a written statement of the grounds on which he based his motion; but the motion was overruled, and he excepted. The statement alleges "that he, *William*, is the principal in the note, that after its execution he placed, in the plaintiffs' hands, a note on *Peter Coulter*, for $20, then due; which they agreed to collect, and apply the amount thereof, as a credit, on the note in suit; and he is informed, and believes that they have collected said $20, but have failed in giving the credit; and that he, *William*, is, therefore, entitled to an off-set against the principal and interest due on said note. That he was unable to attend Court and make defense to the action, until yesterday, when he learned that judgment by default had been entered against him. He had attorneys; but they had misapprehended the nature of his defense." This statement of causes is not verified by oath; and, for that reason, it cannot be held effective. Where, as in this instance, the judgment is regular, it can not be set aside, on motion, for any purpose, other than to let in a defense to the merits. And the rule is, that the grounds of such a defense must be distinctly presented to the Court, in writing, and verified by affidavit. 1 Tidd's Practice, 3 Am. Ed. p. 567; *Porter* v. *Johnson*, 2 How. Miss. 736; *Fore* v. *Folsom*, 4 *id*. 282. But has the defendant rendered a sufficient excuse for failing to appear and plead to the action? It is not enough to say that "he was unable to attend," without showing the nature of the inability which prevented his attendance: moreover, his attorneys were present, and it was his own want of diligence, if they were uninstructed as to the merits of his defense. We perceive no error in the ruling of the Court, and the result is, the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*Brown* and *Vaile*, for appellants.

*Harrison*, for appellees.