Lee v. Basey et al.

No. 9590.

LEE v. BASEY ET AL.

PLEADING.—*Complaint for Relief from Judgment by Default.*—A complaint, under section 99 of the code, R. S. 1881, sec. 396, for relief from a judgment by default, should show, it seems, the nature of the cause of action on which the judgment was rendered, and a pertinent and good defence thereto.

PRACTICE.—*Action upon Joint Contract.—Dismissal as to One of Two or More Defendants.—Review of Judgment.*—The dismissal of an action as to one of the defendants served with process in an action upon a joint obligation is no cause for a review of the judgment entered against the other defendants.

SAME.—*Abatement.—Defect of Parties.—Demurrer.— Waiver.*—A defect of parties, if apparent on the face of the complaint, is cause for demurrer; otherwise it must be pleaded, and, if not taken advantage of in either of these ways, is waived.

From the Tipton Circuit Court.

*R. B. Beauchamp* and *G. H. Gifford*, for appellant.

*D. Waugh* and *J. M. Fippen*, for appellees.

WOODS, C. J.—Complaint in two paragraphs by the appellant against the appellee Basey, and against others who are nominal parties only. By the first paragraph, the appellant sought, under the 99th section of the code, to be relieved from a judgment theretofore recovered against him by Basey upon default; and, by the second paragraph, to have the same judgment reviewed for errors alleged to be manifest on the face of the record.

The court sustained a demurrer to the second paragraph; and, upon a hearing had upon the first paragraph, which, with affidavits and counter affidavits, was submitted to the court, found for the defendants, and gave judgment accordingly.

It is doubtful whether the first paragraph of the complaint is good. It does not show upon what alleged cause of action the judgment from which relief is sought was rendered. The allegation in this respect is that Basey filed his complaint against the appellant and two others " for the sum of $400," but whether for money due on account, or a promissory note

or other contract, or for damages arising out of a tort, is not shown. The alleged defence to the cause of action on which the judgment was rendered is this : " That the cause of action set forth in the complaint of said Basey has no merit whatever ; that this plaintiff is not indebted to the said Basey in any sum whatever ; neither was he owing or in any manner whatever indebted to the said 'Basey at or before the date of the rendition of the said judgment."

It would seem clear that the complaint ought to have shown the nature of the cause of action on which the judgment was entered, and then should have shown a pertinent and sufficient defence thereto ; but, as this point is not made in the briefs, we pass it by.

The evidence concerning the plaintiff's alleged excuse for suffering the judgment to go by default is conflicting, and we can not say that the court did not reach the right conclusion. According to the showing of the plaintiff, supported by the affidavits of others, he employed one of his co-defendants, an attorney at law, to appear for him in the case, and a few days before the return day of the summons went to Kansas in search of a witness, his son, who, without his knowledge, had recently left this State and gone to that ; that, on his arrival at Crawford county, Kansas, he was taken sick, failed to find his son, and, as soon as he could travel, returned to his home in Tipton county, where he arrived three or four days after the default was entered, but was too sick to attend to business until the term of court had closed at which the judgment was rendered ; and that he did not, until some time after the close of the term, know that judgment had been taken against him.

On the other hand, his alleged attorney made an affidavit, not, perhaps, clearly in harmony with his affidavits made in behalf of the appellant, that he had told the appellant that he would appear as attorney in the case if the appellant would pay him therefor ; but that, without paying him anything or saying that he would pay, the appellant went away, and he did not consider himself employed.

In reference to the visit of the appellant to Kansas, affidavits were read of witnesses who testified to the effect that they were with and saw the appellant while he was in Kansas; that he was not sick, but spent his time viewing the country, visiting friends, and attending Indian dances; and the facts stated in these affidavits, which, in many details, were inconsistent with the showing of the appellant, he allowed to go without denial or attempt at explanation.

The court may well have concluded that if there had been an employment of an attorney it was solely for the purpose of delay, and that the visit to Kansas, if it had any relation to the suit at all, was in aid of the same purpose. To say the least, the circuit judge was in a better position than we are to determine the truth and merits of the conflicting evidence.

The ruling upon the demurrer to the second paragraph of the complaint was right.

The first error alleged is that the complaint in the original action did not state facts sufficient. The objections suggested are: That the complaint is not signed by the plaintiff or by any one acting as his attorney; that the bill of particulars following the complaint is not " marked as an exhibit thereto," and is not specific enough.

The complaint is that the defendants are indebted to the plaintiff $400, " for money had and received, a bill of particulars of which is filed," etc., and is signed, "Dan. Waugh, plff. atty." Immediately following is a statement headed " Bill of Particulars," showing the defendants by name to the plaintiff by name " Dr. $400, in money. A. D. 1877." Signed by the plaintiff. The objections to the complaint are baseless.

Before taking judgment the plaintiff in the action dismissed as to one of the defendants, and this is assigned as error. It was not error. Conceding, as counsel argue, that the action was upon a joint contract, and that all of the alleged contractors had been served with process, the dismissal of the action as to one of them affords no cause for setting aside the

judgment entered against the others. Such dismissal might, perhaps, have afforded the appellant ground for a plea in abatement, but we do not perceive in what other way he could have turned it to his advantage. It is not an error apparent in the record for this if for no other reason, it does not appear but that the party as to whom the action was dismissed had died since the service of summons. *Bledsoe* v. *Irvin*, 35 Ind. 293.

Defect of parties, if apparent on the face of the complaint, is cause for demurrer; otherwise it must be pleaded, and, if not taken advantage of in either of these ways, " the defendant shall-be deemed to have waived the same." R. S. 1881, section 343.

Judgment affirmed.