No. 11,426.

## WILLS *v.* BROWNING ET AL.

JUDGMENT.—*Default.—Relief From.—Set-Off.*—Relief from a judgment by default will not be given to a party, under section 396, R. S. 1881, merely to enable him to avail himself of a set-off.

From the Bartholomew Circuit Court.

*W. Dixon* and *P. C. Woodburn,* for appellant.

*J. B. Reeves* and *C. S. Baker,* for appellees.

BICKNELL, C. C.—The appellees Browning and Sloan obtained a judgment by default against the appellant, and had an execution issued thereon to the appellee Thompson, who was the sheriff of the county.

The appellant brought this suit against the appellees to set aside the judgment and prevent the levy of the execution.

The defendants jointly demurred to the complaint for want of facts sufficient. The demurrer was sustained; the plaintiff refused to amend; judgment was rendered against him, and he appealed. The error assigned is sustaining said demurrer.

The complaint avers that Browning and Sloan, on September 23d, 1883, recovered against the plaintiff a judgment for $307.78 for goods sold and delivered; that said judgment was rendered by default, upon the sheriff's return of service by leaving a copy of the summons at the last and usual place of residence of said Wills, on September 4th, 1883; that an execution on said judgment is now in the hands of said sheriff, who is about to levy the same upon the property of said Wills subject to execution, which is of the value of $1,000; that said plaintiff, when said suit was commenced, and when said judgment was rendered, had, and still has, "a meritorious defence to the matters in said complaint set forth, and a good and legal cause of action against the plaintiffs therein, in this, to wit, that at said time said Browning and Sloan were, and still are, indebted to said Wills in the sum of $250 for goods, viz.,

fifty cases of wine at $5 per case, sold and delivered by said Wills to them;" that if the plaintiff had known that such suit was pending against him, he would have pleaded said indebtedness as a set-off, and will plead said set-off if said default be set aside; that he did not move to set aside said default at the term at which said judgment was rendered, because during all of that term he was ignorant of the same; that said default and judgment were taken against him through his inadvertence, surprise, mistake and excusable neglect, in this, that he had no knowledge of the pendency of said suit, and no knowledge of said default and judgment until October 26th, 1883; that said default was entered on the 14th of September, 1883; that he lives in a house containing three front rooms and three back rooms, but he and his family "remain and dwell in said three back rooms;" that he was absent from home except at nights from the 3d until the 14th day of September, 1883; that said sheriff left the copy of said summons at his said house by placing the same under the front door of the parlor, which was one of said three front rooms; that plaintiff was not in that room from the 4th to the 14th day of September, 1883; that neither the plaintiff nor any of his family has ever seen said copy of summons, nor has the plaintiff ever known or heard of the same until after the issue of the execution as aforesaid. The complaint was verified by affidavit.

The last clause of section 396, R. S. 1881, which is the same as the last clause of section 99, 2 R. S. 1876, p. 82, provides that the court "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect * * * on complaint or motion filed within two years." In the construction of this statute it is held that the party applying for relief thereupon must show by affidavit that he has a meritorious defence. *Lake* v. *Jones*, 49 Ind. 297; *Bristor* v. *Galvin*, 62 Ind. 352.

And a complaint, seeking relief against a judgment by default, must show the nature of the cause of action on which the judgment was rendered, and a pertinent and sufficient

defence thereto. See *Lee* v. *Basey*, 85 Ind. 543. The facts constituting the defence must be stated. *Frost* v. *Dodge*, 15 Ind. 139 ; *Yancy* v. *Teter*, 39 Ind. 305. It has been held that where a party has a defence to the action, and without fault of his had no actual notice of its pendency, until after the rendition of the judgment, his omission to make his defence is excusable. *Zerger* v. *Flattery*, 83 Ind. 399. But in the complaint under consideration, the plaintiff seeks relief in order that he may plead a set-off, and the question arises whether a set-off is a meritorious defence to the action.

It will be observed that this showing of a good defence on the merits is not required by the statute, section 396, *supra*, but the courts, in the exercise of their equitable powers, have declared that the relief mentioned in section 396 can not be had without a showing by affidavit that the applicant has a good defence on the merits.

Defences are either in denial or in confession and avoidance, but a set-off neither denies, nor confesses and avoids, the cause of action ; therefore, at common law, there was no such thing as a plea of set-off, and the statutes which authorize such pleas have invested the common law courts with powers, and have engrafted upon common law suits proceedings, which belonged originally to courts of equity. The effect of these statutes is that in certain actions the defendant may present, by way of set-off, certain claims of his against the plaintiff, and have them tried and determined whether the plaintiff proceeds to the trial of his claim or not, but these claims of the defendant, thus introduced under the statute, are not defences attacking the merits of the plaintiff's claim ; they are not defences at all, and are not so treated, either in our civil code or in judicial decisions.

The language of the code is, in section 347, R. S. 1881, that the answer shall contain : 1. A denial, etc. 2. A statement of any new matter constituting a defence, counter-claim or set-off, etc. 3. The defendant may set forth in his answer as

many grounds of defence, counter-claim and set-off as he may have, etc.

Defences and set-offs are here mentioned according to their true nature as distinct pleadings, and so they have always been regarded by this court. Thus in *Boil* v. *Simms*, 60 Ind. 162, it was said by Howk, J.: "A set-off, strictly speaking, is not a defence to the action in which it may be filed; it is simply a cross action, and can only be interposed * * by the express authority of the statute." And again, "We think, that the provisions * * are applicable only to such answers as set up causes of defence to the cause of action sued upon, and not to answers by way of set-off, which do not question the sufficiency of the plaintiff's cause of action." So, in *Daly* v. *National Life Ins. Co.*, 64 Ind. 1, this court said: "This paragraph was a cross action, in the nature of a set-off against the appellee's cause of action. It was not, and did not purport to be, a defence to the suit of the appellee." And in this last case it was held that the proper form of demurring to such a paragraph was for want of facts sufficient to constitute a cause of action. See, also, to the same effect, *Huston* v. *Vail*, 84 Ind. 262, and *Anderson, etc., Ass'n* v. *Thompson*, 88 Ind. 405. Again, in *Goble* v. *Dillon*, 86 Ind. 327 (44 Am. R. 308), this court, referring to section 34, 2 R. S. 1876, p. 612, in relation to pleadings before a justice of the peace, says: "This statute excepts set-off as a matter of defence, which it is not." See, also, *Campbell* v. *Routt*, 42 Ind. 410. Under these decisions a set-off can not be regarded as a meritorious defence to the action, and the relief demanded under section 99, *supra*, can not be had without a showing that the applicant has a meritorious defence to the action. The statute is peremptory and imposes no such condition, yet it authorizes the court to grant equitable relief, and therefore authorizes equitable considerations, but there is no equity in relieving against a judgment suffered by inadvertence or excusable neglect, when the party has no defence against it and the debt ought to be paid; if he should plead against a valid claim, he would be making

costs against himself for nothing, and the courts will not do what is alike useless and unjust, and this is the real foundation of the rule established by the courts, namely, that there is no equity in granting the relief provided by the statute unless the applicant can show a good defence on the merits.

The question whether relief ought to be granted under section 396, *supra,* where the applicant shows merely that he desires to plead a set-off to a part of the cause of action for which the judgment was rendered, has never been presented to this court, but the Supreme Court of Illinois has determined a kindred question. In *Bowman* v. *Wood,* 41 Ill. 203, that court said : " The meritorious grounds relied on are, that the appellant has a cross demand against appellee. If this be true, what prevents him from suing and recovering in an action against appellee ? * * We do not see that the court below was called on to set aside the default, as it might have been, if the set-off would have been lost, or could not be otherwise recovered." This decision was cited and approved and followed in *Palmer* v. *Harris,* 98 Ill. 507. The statute of Illinois, under which these decisions were made, is not peremptory like our section 99, *supra,* but this difference does not affect the question. Whether such a statute be peremptory or not, there is no equity in setting aside a judgment properly obtained, where no defence on the merits is shown. The party who has obtained such a judgment ought not to be deprived of it without reason, and there is no reason in favor of the debtor why such an application should be granted, because he could have brought suit immediately upon his set-off, and upon showing the pendency of such suit he might, on a proper application to the court, have obtained an injunction staying proceedings on the judgment against him, until, at the determination of his own suit, his judgment could be offset against the other. This remedy is still open to the appellant. He having such a complete remedy, his present application, which ignores the well established distinction between a set-off and defence to the action, and proceeds upon

the false supposition that there is no substantial difference between the two, and to that extent is in conflict with the decisions of this court, *supra*, ought not to be granted. If the complaint had shown that the set-off would be lost by delay, or that other circumstances created an equity in favor of the appellant, a different question would arise. There was no error in sustaining the demurrer to the complaint. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed June 4, 1884.