No. 13,333.

## HALL v. DURHAM.

JUDGMENT.—*By Default.—Complaint for Relief from.—Sufficiency of.*—A complaint under section 396, R. S. 1881, to be relieved from a judgment alleged to have been taken through mistake, inadvertence, etc., is bad if it fails to show the nature of the cause of action on which the judgment was rendered, and such pertinent facts as make it reasonably clear that the defendant had and has a meritorious defence thereto.

From the Montgomery Circuit Court.

*M. E. Clodfelter, T. E. Ballard* and *E. E. Ballard,* for appellant.

*J. R. Courtney,* for appellee.

MITCHELL, J.—This was an application by the appellant, Margery Hall, under section 396, R. S. 1881, to be relieved from a judgment alleged to have been taken against her through mistake, inadvertence, surprise, and excusable neglect, in favor of William H. Durham.

The complaint does not disclose, except possibly by inference, what the nature of the action was which resulted in the judgment from which relief is prayed.

It is alleged that a judgment was taken by default against the plaintiff and her husband, John R. Hall, at the February term, 1885, of the Montgomery Circuit Court, quieting the title in Durham to a certain described tract of land in Montgomery county, of which the appellant avers "she was the owner in equity," the same having been "purchased with her money, and the legal title thereto taken in the name of her husband and co-defendant, John R. Hall, without her knowledge and consent."

The only other averments which give any clue to the nature of the original action are the following: "That the only claim of title to or interest in said real estate that plaintiff

had at that time, or now has, is based upon unfounded and fraudulent tax liens and tax titles," etc.

It is open to conjecture that the appellee had at some time purchased the land at a tax sale, and that he had in due course of time received a deed for the land, and had brought suit to quiet his title thus derived. We might suppose that this was the nature of the action in which the judgment was taken by default, but one who asks to be relieved from a judgment taken by default must not leave the nature of the action to mere supposition. Until the complaint to set aside a default shows the nature of the original cause of action on which the judgment was entered, and such pertinent facts as make it reasonably clear that the defendant had and has a meritorious defence thereto, the court can not interfere. *Lee* v. *Basey,* 85 Ind. 543 ; *Wills* v. *Browning,* 96 Ind. 149.

If we were to assume that the complaint in the original action was to quiet the complainant's title, which he was asserting through a tax sale, it would be important to know when and under what law the sale was made, and whether or not the purchaser has had possession of the land under a deed.

A purchaser in possession of land, purchased at a tax sale, for the statutory period, may be entitled to invoke the aid of a court to quiet his title, even though the sale may have been invalid and void.

The complaint, upon any supposable hypothesis, comes far short of stating facts showing a meritorious defence, but we do not examine it further, as, without knowing what the nature of the original action was, we can not determine with any certainty whether the facts stated constituted a defence or not.

The judgment is affirmed, with costs.

Filed Oct. 12, 1888; petition for a rehearing overruled Nov. 27, 1888.