OSCAR M. BOAS

v.

PATRICK H. HEFFRON.

*Landlord and Tenant—Judgment by Confession—Setting Aside of.*

1. A judgment for plaintiff in a given action will not be set aside in order that the defendant may maintain a mere cross-action.

2. This court declines to interfere with an order of the trial court, over-ruling a motion, to open a judgment by confession, entered in pursuance of a power of attorney, contained in a lease for the amount of rent due thereunder.

[Opinion filed June 2, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. W. J. DURHAM, for appellant.

In the absence of express agreement, the landlord, when he eases a portion of a building, should be held bound to construct, uphold, maintain and keep the remaining portion in such condition and repair as will reasonably protect the person, employes and property of the tenant so leasing from loss and damage. (These premises were let to be used "as a general merchandise store.")

Authorities should not be required on this point, but I cite the following as analogous in principle (I find no cases precisely similar): Wolf v. Anott, 1 Cent. 128 (Pa ); Brunswick etc., Co. v. Rees, 69 Wis. 442; A. B. Mfg. Co. v. Lindsay, 10 Ill. App. 583, and cases cited on p. 585 and 586; 1 Am. St. 469, and cases cited.

The flood complained of did not come from any part of, or take place on, the premises leased or occupied by appellant, nor any part of the building for which he was in any way responsible, but entirely outside of and beyond his premises and his jurisdiction, just as much as if from an adjoining building owned by the same landlord. Nor did it arise from any

of the many accidents which are apt to occur in buildings where there is a considerable amount of plumbing and similar work, such as freezing and bursting of the pipes, leaving stop-cocks open, driving nails into the pipes, etc., etc., all of which are apt to happen even to new, sound plumbing, but the damage here in question resulted from the old, rotten and worn-out state of the pipes; so old, rotten and worn out, that wooden plugs had been used to stop up holes and crevices; so old, rotten and worn out, that after the damage in question had occurred, and the plumbers had repaired all the defects they could discover with the water turned off, they turned it on again, and still "the floods came and the waters beat upon that house," and there was more work to do. Besides the damage to property, the water was of a foul, noisome and pestilential character.

In some aspects, as to the upper portion of the building not included in his lease, appellee is to be regarded as a third party, injured in his estate by the landlord's neglect and failure to perform his duty. The bad condition of the pipes, etc., constituted a nuisance, existing at the time of letting the store. 1 Am. Dec. 429, and cases cited on pp. 431 and 432; 27 Am. L. R. (U. S.) p. 245 and note, p. 249, beginning at bottom p. 250; Halligan v. Wade, 21 Ill. 470; Leadbeater v. Roth, 25 Ill. 587; U. B. Mfg. Co. v. Lindsay, 10 Ill. App. 583, and cases cited on pp. 585–86; Reichenbacher v. Pahmeyer, 8 Ill. App. 217; in connection see Glickauf v. Maurer, 75 Ill. 289.

Most of the above are cases where the nuisance was on the premises actually leased, while in our case it was upon other property of the landlord, in which case, I contend, the liability attaches with all the greater force.

This case does not come within the class of those cases where the damage is caused by another tenant. It is charged directly upon the landlord.

Nor does it come within the reasoning adopted in the case of Blake v. Ranous, 25 Ill. App. 486, except in so far as the landlord is charged with concealment. In that case the injury took place within the leased premises, not within other property of the landlord.

Messrs. OSBORNE BROS. & BURGETT, for appellee.

MORAN, P. J.   This appeal is prosecuted from an order of the court overruling a motion to open a judgment by confession, entered in pursuance of a power of attorney contained in a lease for the amount of rent due from appellant to appellee under the terms of the lease.

Appellant contends that through the fault, inattention and gross negligence of the landlord, he, the tenant, suffered great damage from the bursting of certain water pipes, by which the merchandise of appellant was flooded, injured and destroyed, to his great loss.   The affidavit filed by appellant on the motion to sustain the judgment, tended to show that his goods had been injured by water from floors of the building above the one occupied by him.

Without considering the question whether appellant has a good claim against appellee for the damage he sustained, we think the judgment of the court in refusing to open the judgment entered by confession must be affirmed.

We understand the rule to be that a judgment will not be set aside in order that the defendant may maintain a mere cross-action.   Slack v. Casey, 22 Ill. App. 412.

Nothing is shown in the record which takes the case out of this rule.   If appellant has a cause of action against appellee, there is nothing to prevent his prosecuting it to judgment in an independent suit.

The judgment will therefore be affirmed.

*Judgment affirmed.*