No. 371.

CRESSWELL ET AL. *v.* WHITE.

JUDGMENT.—*By Default.—Relief From.*—For insufficient grounds for relief from a judgment by default, see opinion.

SAME.—The fact that a party may have a good cause for a continuance will not entitle him to relief from a judgment which he does nothing to avert.

SAME.—*Relief From.—Counter Claim and Set-Off.*—A judgment will not be set aside to permit a defence in the nature of a counter-claim and set-off to be asserted.

From the Howard Circuit Court.

*G. H. Gifford* and *J. M. Fippen,* for appellants.

*W. R. Oglebay,* for appellee.

CRUMPACKER, J.—This is a proceeding under section 396, R. S. 1881, for relief from a judgment taken against the appellants by the appellee through their alleged inadvertence and excusable neglect.

Appellee sued the appellants upon a promissory note in the Tipton Circuit Court, and they appeared to the action and the cause was put at issue, and was then taken to Howard county by change of venue. It was set down for trial in the Howard Circuit Court on the 13th day of November, 1889, of which fact both parties had due notice. Appellee appeared in said court on said day, and the appellants, failing to appear, were defaulted, and judgment was rendered against them for the full amount of the note, including attorney's fees and costs.

After the expiration of that term of court appellants filed their complaint, asking to be relieved from such judgment, alleging, in substance, that they had a meritorious defence to the note in suit, and that they had employed the firm of Gifford & Fippen, attorneys of the Tipton bar, to represent them in said cause, and that said Fippen was put in possession of the facts, and assumed the management of the defence; that said Fippen was also employed as an attorney in the case of

Clark *v.* Jones, which was then pending for trial in the How-
ard Circuit Court, and which stood on the calendar ahead of
the case of White *v.* Cresswell *et al. ;* that said Fippen was
unable to be away from his home on account of the danger-
ous illness of his child, and several days before the trial day
for said causes, or either of them, he inquired of one James
N. Waugh, a reputable attorney of the Tipton bar, concern-
ing the probability of reaching either of said causes for trial,
and said Waugh informed him that said court was consid-
erably behind with its assignment, and would probably not
reach either of said cases at that term ; thereupon said Fip-
pen telegraphed the judge of said court " to learn from him
if said cause could be reached, and received a telegram in
answer thereto that the court was behind with its business,
and could not reach the cause of Clark *v.* Jones, said cause
being set for trial before the cause of White *v.* Cresswell *et
al.*, and near the close of said term of court ; that said Fip-
pen at once saw W. R. Oglebay, the only attorney for the
plaintiff in the case of White *v.* Cresswell *et al.*, and informed
him of the news he received from the said Howard Circuit
Court, informing him of the condition of the business of said
court ; that said cause would not be reached for trial, and
then returned to his home and gave his whole attention to
his said sick child, believing in good faith that there would
be no advantage taken of his said clients while he was de-
tained from his office and business by said sickness ; " that,
notwithstanding such information, said Oglebay repaired to
Kokomo, and on the day said cause was set for trial had it
called in the absence of said defendants and their attorney,
and took judgment therein upon default ; that appellants did
not discover the fact that judgment had been entered against
them in said cause until it was too late to apply for relief
therefrom at that term of court ; that the principal defend-
ant resides in Shelby county, and the other defendant, who
is only surety on the note in suit, resides in Tipton county,

and they both relied upon said Fippen to look after said case and notify them when it would come on for trial.

It is further alleged that said cause could not have been tried at said term of court because of the inability of said Fippen to attend to it.

The complaint was verified by Mr. Fippen and affidavits were introduced tending to establish all of its material allegations. It was disclosed in the affidavits that the note was given for the rental of a tract of land, and the payee agreed to make some improvements upon the land which he failed to do, and this was part of the defence to the note. The other item of defence consisted of a set-off for work and labor.

Counter-affidavits were read in evidence, showing that, on being notified by Fippen that the cause would probably not be tried, Oglebay informed Fippen that the plaintiff would insist upon trial, and would attend court on the day set, and press the cause for hearing.

The inability of appellants' counsel to attend the trial on account of the sickness of his child might have afforded a sufficient ground for a continuance of the cause had an application been made, but the fact that a party may have a good cause for a continuance will not entitle him to relief from a judgment which he does nothing to avert.

It appears by the evidence that Fippen asked and received information respecting the probability of the cause of Clark *v.* Jones being reached for trial, and assumed that, because that cause stood ahead of White *v.* Cresswell on the trial calendar, the latter would not be reached. The telegram received by him was not introduced in evidence, nor was any excuse given for the omission, and we know nothing of its contents, except the general statement contained in the complaint and affidavits. Presuming in favor of the ruling of the trial court, the message was but the expression of the opinion of the judge respecting the progress that would be

made in the trial of causes, and not a positive announcement that the cause to which it referred would not be reached.

There is generally so much uncertainty attending trials that it is impossible to foresee what progress may be made in a few days' time, and a party would not ordinarily be justified in acting upon the judgment of another that a certain cause was likely to be carried over on account of the quantity of business ahead of it.

It is not claimed that the judge gave any information respecting the cause in question, and it does not appear that it was called out of its order, so we do not think that sufficient grounds for relief exist.

No reason is shown why the senior member of the firm of Gifford & Fippen did not attend and apply for a continuance on account of his partner's inability to attend the trial, except the general assumption that the cause would not be reached for trial. Besides, the defence disclosed is of the nature of a counter-claim and set-off, and under the decision of the court in the case of *Wills* v. *Browning*, 96 Ind. 149, a judgment will not be set aside for the purpose of permitting such defences to be asserted. They are in the nature of cross-actions, and the appellants' right to sue for such claims is not prejudiced by the judgment in the case.

Judgment is affirmed.

Filed Jan. 9, 1892.