Durre *et al. v.* Brown.

Filed June 8, 1893. ·

---

No. 721.

## DURRE ET AL. *v.* BROWN.

PLEADING.—*Sufficiency of Complaint.*—*Action to Set Aside and Vacate Judgment by Default.*—A complaint in an action to set aside a judgment taken on default was, in substance, that the action in which judgment was taken by default was on an account; that when the summons was read to plaintiff she was confined in bed, unable to sit up, and did not understand the import of the same, and did not know at the time that she was a defendant in the action, and did not know that judgment was rendered against her until more than

Durre *et al.* *v.* Brown.

two months thereafter; that she does not, nor never did, owe defendants anything whatever; that she never had any dealings with them, and "never bought one cent's worth of goods from them;" that in her absence, and without her knowledge or consent, and while she was prostrate in bed and unconscious of any proceeding whatever, and upon her failure to appear, defendants took judgment against her.

*Held*, that the complaint stated facts sufficient to constitute a cause of action, the word "account," as used, conveying the idea that plaintiff was indebted to defendants, and taken in connection with the other allegation that she "never bought one cent's worth of goods from them," shows that the indebtedness was an account for goods sold and delivered.

*Held*, also, that the allegations that plaintiff never had any dealings with appellees, never bought any goods from them, and does not and never did owe defendants anything whatever, is equivalent to a general denial.

SAME.— *Complaint.*—*Judicial Notice.*—In such case, the failure to state the day of the month on which the judgment was rendered was not a fatal defect; for, since the month is mentioned, the court will take judicial notice of the term of court at which the judgment was rendered.

SAME.— *When Necessary to Give Notice.*—*Judgment.*—If the application to vacate or set aside a judgment be made at the same term of court in which it is rendered, such application may be by motion, and without notice served upon the opposite party or any party to the record, the proceeding still being *in fieri;* but, after the term has closed, and the proceeding has ceased to be *in fieri,* no legal steps can be taken against any party who has a substantial interest therein, except after notice is given.

SAME.— *To Set Aside a Default.*—*Necessary Parties.*—Where judgment is taken by default against two defendants, and one of the defendants makes application to vacate the judgment as to him, it is not necessary to make the other defendant a party to such proceedings; for they have not the same interest in the subject-matter of the action, as the proceeding to vacate can not seriously affect the rights of the other defendant.

From the Perry Circuit Court.

*W. Henning,* for appellants.

*I. S. Bramel,* for appellee.

LOTZ, J.—On the —— day of May, 1891, the Perry Circuit Court rendered a judgment against one Charles

H. Brown and the appellee, Amelia C. Brown, and in favor of the appellants, in the sum of one hundred and forty-nine dollars and sixty-five cents and costs of suit. The judgment was rendered on default of both defendants to the action.

On the 21st day of July, 1891, and after the close of the term of court at which said judgment was rendered, the appellee filed her complaint against the appellants to set aside and vacate said judgment as to herself.    In her complaint she alleges, in substance, that the appellants brought an action against her and her husband, Charles H. Brown, on an account; that, at the time the summons was read to her, she was confined in bed and unable to sit up, and did not understand the meaning and import of the same and never knew at the time that she was a defendant in said action, on account of said sickness, and she did not know that judgment was rendered against her until more than two months thereafter; that she does not, nor never did, owe the appellants anything whatever; that she never had any dealings with them and "never bought one cent's worth of goods from them"; that in her absence, and without her knowledge or consent, and while she was prostrate in bed and unconscious of any proceeding whatever, and upon her failure to appear, appellants took judgment against her on the —— day of May, 1891, for $149.65.    Charles H. Brown, the other judgment defendant, was not made a party to this proceeding.

Appellants demurred to this complaint, assigning two causes, (1) that it does not state facts sufficient to constitute a cause of action against them, and (2) that there is a defect of parties defendant, in this: that Charles H. Brown ought to be made a party defendant.    The court

overruled the demurrer.    The appellants filed an answer
of general denial.

The cause was submitted to the court, and resulted in
a finding and judgment for appellee.    A motion for a
new trial was overruled.

The errors assigned are the overruling of the demurrer
and the motion for a new trial.

Where a judgment is regular on its face, it can not be
set aside for any purpose except to let in a defense to the
merits.    The complaint for such purpose should show
the nature and character of the original action on which
the judgment was rendered, and also a pertinent specific
and good defense thereto; and the facts constituting the
defense must be shown.    *Frost* v. *Dodge*, 15 Ind. 139;
*Lee* v. *Basey*, 85 Ind. 543; *Slagle* v. *Bodmer*, 75 Ind. 330;
*Nichols* v. *Nichols*, 96 Ind. 433.

It is contended that the complaint does not comply
with these rules.    The nature of the first action is al-
leged to be an account, but the character of the account
is not given.    The word "account" has no clearly de-
fined legal meaning, but the primary idea conveyed by
the term is some matter of debit and credit or of a de-
mand in the nature of debit and credit between parties
arising out of contract or some duty imposed by law or
of a fiduciary relation.    Its Latin derivative—*ad-com-
putare*—signifies to reckon together.    It is none the less
an account, when the charges are by one person against
the other instead of being mutual demands of debit and
credit.    *Nelson* v. *Board, etc.,* 105 Ind. 287; Anderson
Law Dic.

The word "account," as used in this pleading, con-
veys the idea that the appellee was indebted to appel-
lants, but the character of the iudebtedness is not dis-
closed, unless the other allegation that she "never bought
one cent's worth of goods from them" makes known the

nature of the indebtedness.   We think it may be fairly inferred, from the two averments, that the indebtedness was an account of goods sold and delivered.

It is also contended that no specific defense is set out in the complaint.   A defense is that which is offered by a defendant as sufficient to defeat the complaint by denying, justifying, or confessing and avoiding it.   *Brower* v. *Nellis*, 6 Ind. App. 323, 33 N. E. Rep. 672.

The allegation here is that appellant never had any dealings with appellees; never bought any goods from them, and does not and never did owe them anything whatever.

We think this equivalent to the defense by general denial.   The general denial is not required to be specific in setting out the facts that will defeat a recovery.

It is further contended that the omission to fill the blank showing the day of the month on which the judgment was rendered makes the complaint bad.

In the case of *Overton* v. *Rogers*, 99 Ind. 595, which was an action to review a judgment, it was said:   "The complaint states that the judgment was rendered on the ―― day of ――, 1882.   To plead with such blanks is discreditable, but there was no demurrer to the complaint, and no motion to make it more specific, and the defect must be regarded as unavailable after a finding."

The averments here are more specific than in the case from which the quotation is made.   There nothing but the year was given; here the month is given, and when the month is known the court will take judicial knowledge of the term of the court at which the judgment was rendered.

The pleading is very carelessly drawn, and it is with some hesitation that we have reached the conclusion that it is sufficient to withstand the demurrer for want of facts.

The other cause of demurrer presents a more serious question.

Under section 396, R. S. 1881, the court " shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect."

If the application to vacate or set aside a judgment be made at the same term of the court in which it is rendered, such application may be by motion, and without notice served upon the opposite party or any party to the record.

The theory of the law is that courts have full and complete control of the record of their proceedings during the entire term at which such proceedings are had, and, during the term, the court may, for good cause shown, correct, modify, or vacate any of its judgments. Any proceeding in a court is *in fieri* until the close of the term. When the parties are once rightfully in court, its jurisdiction over them continues without further notice as long as any steps can be rightfully taken in the cause. *Burnside* v. *Ennis,* 43 Ind. 411; *Knight* v. *State,* 70 Ind. 375; *McClellan* v. *Binkley,* 78 Ind. 503; *Stout* v. *Duncan,* 87 Ind. 383; *Chicago, etc., R. W. Co.* v. *Johnston,* 89 Ind. 88.

It is for these reasons that no notice is required when the motion is made during the term. After the term has closed, and the proceedings have ceased to be *in fieri,* no legal steps can be taken against any party who has a substantial interest in them, except after notice given.

When the cause of action declared upon in the original complaint was in the form of an account, it rested in simple contract; when it merged into the judgment, it became a contract of record.

Has Charles H. Brown such an interest in this action that he is a necessary party?

"Of the parties in the action, those who are united in interest must be joined as plaintiffs or defendants; but, if the consent of any one who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason thereof being stated in the complaint." Section 269, R. S. 1881.

Under this rule, all parties who are united in interest must be joined as plaintiffs, unless they come within the exceptions stated in the statute.

Again it is provided, by section 262, R. S. 1881, that "All persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs, except as otherwise provided in this act."

In the case of *Durham* v. *Hall*, 67 Ind. 123, the Supreme Court, in determining what are the exceptions referred to as "provided in this chapter," held, among other things, that it applied to cases where one or more of several refuse to give his or their consent to join as plaintiffs.

Section 269, *supra*, says that the parties "who are united in interest must be joined," while section 262, *supra*, says that those "having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined."

An interest in the subject-matter, and in the relief demanded, makes a unity of interest. So that the effect of both of the above sections is practically the same. It is not sufficient that the parties have the same interest in the thing about which the controversy arises, but they must have the same interest in the subject-matter of the action.

To illustrate, the judgment here is the thing concerning which the litigation arises, and appellant and Charles H. Brown are equally interested in it, but the subject-

matter of this action is the excusable neglect. The true test of the right of parties to join, must be in their interest in the judgment they may be entitled to recover. Works Prac., section 98; *Home Ins. Co.* v. *Gilman, Exec.*, 112 Ind. 7; *Faulkner* v. *Brigel*, 101 Ind. 329; *Moyer* v. *Brand*, 102 Ind. 301; *Dill* v. *Voss*, 94 Ind. 590.

If this action resulted in changing the judgment from one against both of the judgment defendants to a judgment against Charles H. Brown alone, then his interest might be seriously affected, but if appellant is successful in this action, it only results in placing the appellants and appellee in the same position they occupied before the default was taken. This proceeding can not seriously affect the rights of Charles H. Brown, and he has no interest in the judgment that may be rendered on this complaint. Again, there is no direct averment, in the complaint, that there was any judgment against Charles H. Brown. It is true that it is averred that the suit was brought against appellee and said Charles H. Brown, but he may have only been a nominal party, or the case may have been dismissed as to him, or he may have appeared and defeated it.

We think the demurrer was correctly overruled.

The only cause for a new trial is that the decision of the court is contrary to the law and evidence. We have examined the evidence, and it tends to sustain the finding.

Judgment affirmed.

REINHARD, J., took no part in this decision.

Filed June 9, 1893.