Thompson *et al. v.* Harlow.

---

---

## THOMPSON ET AL. *v.* HARLOW.

[No. 18,461. Filed May 17, 1898.]

JUDGMENT.—*Jurisdiction.—Default.—Action to Set Aside.*—A complaint in an action to set aside a default rendered in a foreclosure proceeding, on a cross-complaint by plaintiff's codefendants, which alleges that plaintiff did not appear to such cross-complaint, nor give any one else authority to appear for her, is insufficient, where there is no allegation as to the finding or record of the court on the question of jurisdiction, as a judgment is not void, in the absence of fraud, if the infirmity for which it is attacked does not appear upon the face of the record. *p. 451.*

SAME.—*Cross-Complaint.—Service.*—Where a complaint to foreclose a mortgage makes junior lienors defendants in such manner as to raise the question of priorities between them, service upon a cross-complaint, filed by one of the defendants, attacking the lien of another defendant is unnecessary. *p. 452.*

SAME.—*Complaint to Set Aside Default.—Sufficiency—Mistake.*—A complaint to set aside a default rendered in a foreclosure proceeding on a cross-complaint by plaintiff's codefendants, which alleges that plaintiff held a judgment against her husband, judgment defendant in such foreclosure proceeding; that she had been advised by friends that her judgment was valid and could not be attacked in the foreclosure suit; that the attorney for plaintiff advised her that he would set up in the complaint said, judgment, and show its priority over all other liens except the mortgage; that plaintiff was an aged German lady, unable to read English intelligently, and hardly able to speak or understand the English language, and was wholly ignorant of court proceedings; that she employed an attorney to claim her inchoate one-third as against said mortgage, who did so, and then withdrew from the case, when her codefendants filed a cross-complaint, and without notice, and upon default, obtained a judgment thereon declaring her said judgment fraudulent and void, is insufficient, as the only mistake, as shown by the complaint, was one of law, and affords no relief. *pp. 452-455.*

SAME.—*Complaint to Vacate.*—A complaint to vacate a judgment rendered on default must state the nature and character of the original suit. *p. 455.*

From the Jackson Circuit Court.    *Reversed.*

*Oscar H. Montgomery* and *William T. Branaman*, for appellants.

*A. N. Munden* and *J. H. Kamman*, for appellee.

HACKNEY, J.—The appellee, by this proceeding, sought to set aside a default and decree rendered against her in the lower court upon a cross-complaint filed by the appellants in a certain foreclosure suit to which she and they were defendants.

In her complaint or petition she alleges "that she had no notice or knowledge whatever of the filing of said cross-complaint; that she did not appear to said cross-complaint, nor had any one else authority to appear for her." This feature of the complaint attacks the jurisdiction of the court over the person of the appellee as to said cross-complaint, but there is an entire absence of allegation as to the finding or record of the court as to the question of jurisdiction. All may be true that she alleges, and still there may have been a return of service, or an appearance without authority, which return or appearance the court may have adjudged upon the face of the record to be sufficient to confer jurisdiction. It has frequently been held that, in the absence of fraud, a judgment is not void if the infirmity for which it is attacked does not appear upon the face of the record. *Clark* v. *Hillis,* 134 Ind. 421; *Palmerton* v. *Hoop,* 131 Ind. 23; *Earle* v. *Earle,* 91 Ind. 27; *Bailey* v. *Rinker,* 146 Ind. 129; *Exchange Bank* v. *Ault,* 102 Ind. 322; *DePuy* v. *City of Wabash,* 133 Ind. 336; *Fitch* v. *Byall,* 149 Ind. 554. If, therefore, the record discloses jurisdiction, and in the absence of an allegation to the contrary we must presume that it does, the appellee's remedy is not to set aside the decree. In this respect the attack would be from matters *dehors* the record, and would

be collateral. *Thompson* v. *McCorkle*, 136 Ind. 484, 43 Am. St. 334; *Cully* v. *Shirk*, 131 Ind. 76, 31 Am. St. 414; *Long* v. *Ruch*, 148 Ind. 74; *Cosby* v. *Powers*, 137 Ind. 694. As held in all of these cases, a collateral attack must disclose the infirmity of the record or it will fail.

The allegations of the complaint are so meagre and unsatisfactory as to the scope of the foreclosure complaint that we are not enabled to judge whether the appellee and other junior lienors were so brought in as to raise a question of priorities between them. If it had such scope, service upon the cross-complaint attacking appellee's lien would not be necessary. *Bevier* v. *Kahn*, 111 Ind. 200; *Jenkins* v. *Newman*, 122 Ind. 99.

Another feature of appellee's complaint or petition is as to relief for "mistake, inadvertence, surprise or excusable neglect," under section 399, Burns' R. S. 1894 (396, Horner's R. S. 1897). This feature does not depend upon the invalidity of the decree, and must be considered apart from the allegations of failure to give notice of the cross-complaint, since, as we have held, it cannot be said that notice was necessary or to be expected.

It was alleged that she held a judgment against her husband, Garret F. Harlow; that she had been advised by friends that said judgment was valid and could not be attacked in the foreclosure suit; that the attorney for the plaintiff advised her that he would set up in the complaint the date of said judgment and thus show its priority over all other liens on the lands, excepting said mortgage; that according to promise he did "set up the date of said judgment;" that she employed an attorney in said suit to claim, and he did claim, her inchoate one-third as against said mortgage; that on the 22nd day of September, 1896, the

attorney for the plaintiff in that suit and her said attorney "agreed in open court as to the judgment entry in said cause, namely: that only the undivided two-thirds of the lands ` * * * should be sold under the foreclosure proceeding, and that thereupon her counsel withdrew from said cause" and absented himself from the court; that thereafter on said day the appellants herein, who were codefendants with her in said foreclosure suit, and who had not then pleaded in said suit, filed a cross-complaint against her and others therein named, alleging that her said judgment was fraudulent and void, and did not belong to her, and prayed judgment accordingly; that thereupon she was ruled to answer said cross-complaint on the next day, and failing to do so, was, on said 23rd day of September, defaulted, and a decree was rendered against her that her said judgment was fraudulent and of no effect.    It is alleged also that she was an aged German lady, unable to read English intelligently, and hardly able to speak or understand the English language; that she has always depended upon others for advice and direction in business affairs; that she is wholly ignorant of court proceedings or the rights of litigants, except as informed by others; that had she or her said attorney known that said cross-complaint was pending, she would have appeared to the same, and would have set up her defense.    She then pleaded facts in support of her said judgment and its validity, and, barring the omission of any showing as to when or where her judgment had been procured, or how it became a lien upon the lands in question, she showed a meritorious defense to the charge that she had not procured the judgment by valid assignment from the party in whose favor it had been rendered.

No fraud or misrepresentation is charged, and no promise of delay or waiver of rights, or any agreement

on the part of the cross-complainants is alleged. On the presumption that no service was required upon the cross-complaint, or that the court found in favor of its jurisdiction, and we must certainly indulge this presumption, the appellants, in filing their cross-complaint, the court in entering a rule for answer, and in subsequently defaulting the appellee, exercised legal rights, and only such rights as the appellee was obliged to know they possessed, and such as her attorney must have known. She expressly concedes that if she or her attorney had known of the filing of the cross-complaint. she would have appeared and answered the same. Parties who are in court as litigants are bound to know the rights of other parties as to pleading and presenting issues affecting the interests of all. Counsel for the plaintiff in the foreclosure suit could make no agreement depriving the defendants therein of any rights as against the appellee. Indeed, the agreement as to the entry was only concerning the inchoate interest. The most favorable view of the facts alleged is that the appellee was ignorant of the rights of the appellants and of her own duty concerning their rights; that she made a limited employment of an attorney who, if he observed the rights of appellants and the corresponding duty of the appellee, did not advise her, and she did not seek his advice therein. On the contrary, she accepted the advice of friends, who may or may not have known that her judgment could not be attacked in the foreclosure suit. Such advice, to be a protection, must be shown to have been given by one reasonably expected to know, and under circumstances giving it credence. No such showing is here attempted. Having an attorney in the case, and failing to seek his advice, but relying possibly upon the judgment of some one as ignorant as herself, would be no diligence.

The only mistake possible, under the complaint, is one of law and not one of fact, and affords no relief. 6 Ency. Pl. and Pr., p. 167; *Chase* v. *Swain*, 9 Cal. 130; *Skinner* v. *Terry*, 107 N. C. 103; *Mayor, etc.,* v. *Green*, 1 Hilt. (N. Y.) 393; *Shearman* v. *Jorgensen*, 106 Cal. 483.

The point is also made that the complaint or petition is insufficient in failing to state the nature and character of the original suit. Such statements are required. *Durre* v. *Brown*, 7 Ind. App. 127; *Hall* v. *Durham*, 116 Ind. 198; *Wills* v. *Browning*, 96 Ind. 149; *Lee* v. *Basey*, 85 Ind. 543; *Williams* v. *Kessler*, 82 Ind. 183. This requirement is poorly met by this petition. While a lengthy document, it abounds in general statements as to the character and nature of the suit; the allegations of the complaint therein to put in issue the priorities of alleged junior liens; the character of the decree entered; the scope of the cross-complaint, and many of the facts intended to disclose excusable negligence on her part.

The first error in the record is that in overruling a demurrer to the complaint, and the judgment, for that error, is reversed.

Other questions are made upon subsequent pleadings, but they may not arise after amending the complaint, and we do not pass upon them.