Jones, J.
The judgment sought to be vacated was confessed by warrant of attorney, and the record discloses no complaint of irregularity in the taking of that judgment. After the term the judgment debtor availed himself of Section 11635 et seq., General Code, by filing his petition to vacate, alleging as his “ground to vacate” that the amount of the judgment “was more than was due the plaintiff.” At the same time he presented as valid defenses to the original action the three several defenses referred to. The method of procedure to *58 be followed is not only defined by the code, but is clarified by the repeated decisions of this court. Lee v. Benedict, 82 Ohio St., 302.
Where a petition to vacate a judgment has been filed by a defendant to the action he must present therewith his defenses thereto. The power of the court extends to an adjudication of the validity of these defenses. If in law valid, should the grounds of vacation be sustained, the issues of fact presented by the defenses are triable to a jury, if a jury issue; or to the court, if triable to the court or a jury be waived. By the provisions of the code the grounds to vacate must be first tried and determined by the court. However, by express provisions of the code, and to preserve liens or securities, the order of modification or vacation of the former judgment is held in abeyance until after the issues joined and presented by the defenses have been finally determined. Section 11637, General Code, and Frazier v. Williams et al., 24 Ohio St., 625.
Plaintiff in error now insists that the issues involved in the defenses should have been tried to a jury. The journal entry discloses that the court found on all the issues joined in favor of the defendant Greene. At that stage of the case the issue involved in the vacation was that the confessed judgment was taken for an amount more than was due. Under Section 11636, General Code, this was triable to the court, which, under the provisions of that section, “must try and decide upon the grounds to vacate,” and determine that issue by the preponderance of the evidence. A jury is not demand- *59 able for that purpose. The preliminary issue is triable to the court. It may occur that one of the defenses presented is of such a character that its adjudication may determine the ground for vacation of the cognovit judgment. A defense alleging partial or full payment of the note, or the taking of judgment for illegal interest, would necessarily involve the preliminary ground for its vacation, since such defense affects the amount due on the note. In such case, establishing the defense would of necessity also establish the ground for the vacation; or, if the second defense here offered were proven, the same result might obtain. The claim of the plaintiff in error in the instant case is that at the time júdgment was taken the defendant had a valid counterclaim, presented by his third defense; which would either reduce or satisfy the amount due on the note, and, since that was a jury issue, it was claimed that the court should have submitted this issue to a jury. But conceding that a counterclaim could have been presented to reduce the amount of the cognovit, the record discloses that the court heard that issue only in so far as it determined the amount due on the note, and found that issue, as well as the issues presented by the first and second defenses, in favor of the defendant Greene, which finding was sustained by the court of appeals. The judgment should, therefore, be affirmed in that aspect of the case.
However, after the testimony was heard, the trial court later definitely held that a counterclaim was not available as a defense to vacate a judgment by confession. In this the court was right.
*60 The facts presented by the third defense constitute a counterclaim which the defendant in the former action could have reserved for an independent suit. Under the code of civil procedure governing the vacation of judgments, the defendant stands in no stronger position than if he had personally confessed judgment. A judgment upon warrant of attorney, when authorized and strictly pursued under Section 11597, General Code, is as potent in its operation as a judgment upon personal confession under the prior section. It could hardly be claimed that if the debtor had appeared personally and confessed judgment upon the note he could thereafter avail himself of a reserved counterclaim for the purpose of vacating that judgment. That is substantially what is proposed here; for the authorization of his attorney effectually entered his personal appearance in lieu of service. If this could be done it would follow as a corollary that a defendant could likewise avail himself of a set-off existing at the time of the confessed judgment, as a basis for its vacation. Whether the judgment has been entered on default or upon confession, it has been held that a counterclaim is not available as a defense to a defendant seeking its vacation. Boas v. Heffron, 40 Ill. App., 652; Wills v. Browning, 96 Ind., 149, and Cresswell v. White, 3 Ind. App., 306.
In the original action, the defendant under favor of Section 11314, General Code, could set forth his defense, counterclaim or set-off. But the favor of the vacation statute, Section 11635, General Code, is granted only to the defendant who has a defense *61 to the action. The distinction is clear. A counterclaim is not a defense. It assumes the existence of the plaintiff's claim, and seeks relief by way of a cross-demand. Notwithstanding the confessed judgment, the judgment debtor retained the right to prosecute his counterclaim in a separate suit.
The judgments of the lower courts are affirmed.

Judgments affirmed.

Nici-iols, C. J., Wanamaker, Newman, Matthias and Johnson, JJ., concur.