ANDREW KREIN, Respondent, v. W. W. ROW, Appellant.

(189 N. W. 105.)

**Judgment — affidavits of merits not impeached on motion to vacate default; affidavit excusing default on motion to vacate default held sufficient.**

In May, 1921, the plaintiff obtained a default judgment for over $1,500. This is an appeal from an order denying a motion to vacate the default. The order of this court is that the default be vacated and that defendant may serve his proposed answer, and that the lien of the judg-

ment herein remain and may be enforced to the extent of any judgment recovered on a trial of the action.

Opinion filed June 17, 1922.

Appeal from an order of the District court of Cavalier county; *Kneeshaw, J.*

Order reversed and modified.

*Grimson & Snowfield,* for appellant.

"It was held in an abuse of discretion to set aside default suffered by defendant because an attorney had erroneously advised him that service upon him was void." Crebler v. Eidelbush, 24 Wis. 162.

"Where on claimining paramount title to mortgage land neglected to answer a bill of foreclosure because advised by counsel that the mortgagor's answer presented a complete defense, it was held proper to set aside his default and let him answer." Wickle v. Lake, 21 Wis. 410, 94 Am. Dec. 552.

In New York, Pennsylvania and Rhode Island the courts are unanimous in holding "That a judgment may be set aside when taken as a consequence of the negligence or inattention of the attorney." See 23 Cyc. 941.

"Courts almost universally favor a trial on the merits and when there has been a reasonable excuse shows by default there should be no objection for such trial for those who are reasonably diligent." Barto v. Sioux City Elec. Co. 93 N. W. 268.

*Price & Pierce,* for respondent.

"The moving party must show: 1, that he has a good defense upon the merits, and 2: A reasonable excuse for the mistake, inadvertence, surprise or neglect which occasioned the default, and 3: reasonable diligence in presenting the application to vacate after knowledge of the judgment." Bank v. O'Laughlin, 164 N. W. 135, 37 N. D. 532.

"Under the express terms of the statute, § 7483, C. L. 1913 an application to vacate a default judgment on the ground of mistake, surprise cr excusable neglect is addressed to the sound judicial discretion of the trial court on the particular facts of the case. And consequently its determination will not be disturbed on appeal unless it is plain that its dis-

cretion has been abused." Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1011.

In the case of Murphy v. Minot Foundry Co. 24 N. D. 185, 139 N. W. 518, it is held: "On the question of whether the defense may be interposed or not its interposition is a matter in the discretion of the trial court instead of a matter of strict legal right. Hunt v. Swanson, 15 N. D. 512, 108 N. W. 41.

ROBINSON, J. This is an appeal from an order denying a motion to vacate the default herein. The motion is based on a regular affidavit of merits and on a proposed verified answer and an affidavit excusing the default. The action is on a promissory note made by defendant to the plaintiff on October 14, 1920, for $1,485 and interest. On March 29, 1921, the summons and complaint were served on defendant. On May 17, 1921, judgment by default was entered. In September, 1921, defendant moved to vacate the default. The proposed answer shows that prior to October 14, 1920, at Langdon, N. D., the plaintiff and defendant had been in partnership in the garage business; then they agreed to dissolve the partnership; the plaintiff did transfer to defendant his interest in the partnership property, and in writing agreed with said Row that "he shall not, for a period of five years, become interested in the ownership of any garage in the city of Langdon, without the written consent of W. W. Row"; that, contrary to the agreement, in the month of April, 1921, the plaintiff did open a garage in Langdon, and since then has continued to operate the same to defendant's damage, $2,500; that the note in question was given in consideration of said agreement, and that the good will of the garage business was the real consideration for the promissory note; that before the entry of judgment Row consulted with Price & Pierce, stating the facts aforesaid, and was told by them that he would have to pay the note because he had made default in payment, according to the·terms of the contract; that he relied on their advice, and because of it failed to answer or to consult with any other attorney until September 15, 1921.

Now, while defendant does make a complete affidavit of merits and a proposed verified answer showing a meritorious defense, it is true that he is contradicted by other affidavits, both in regard to the excuse for his default and the merits of defense. But the rule is that on a motion to vacate a default the affidavit of merits may not be impeached, and the court should not try out the merits of the defense. Bank v. Brandon, 19 N. D. 489, 126 N. W. 102, 27 L. R. A. (N. S.) 858; Westbrook v. Rice,

28 N. D. 325, 148 N. W. 827; Sargent v. Kindred, 5 N. D. 8, 19, 20 63. N. W. 151.

The excuse or reason for the default appears quite probable, though by no means conclusive. However, an error in granting a trial while retaining the lien of the judgment cannot injure the plaintiff in excess of the cost of the trial, while an error in denying a trial may injure defendant more than $1,000. Hence the order is that the default be vacated and a trial granted, with leave to serve the proposed answer, and that the lien of the judgment herein remain, and that it may be enforced to the extent of any judgment that may be recovered on a trial of the action.

Order reversed and modified, without costs.

BIRDZELL, C. J., and GRACE, J., concur.

BRONSON, J. (dissenting). The plaintiff has appealed from an order of the court refusing to vacate a default judgment. Taking the statement of facts claimed by the plaintiff to be true, they are as follows: The parties were partners. Upon the dissolution of the partnership the defendant agred to pay $2,500 for the good will of the plaintiff in the business, upon the express stipulation contained in a written agreement that the plaintiff would not go into business again in the city of Langdon for at least five years. The defendant paid $1,000 upon the original amount. The plaintiff brought action upon a note for the balance. Default judgment for $1,515.40 and costs were entered May 17, 1921. On June 16, 1921, execution was issued. The sheriff made return thereupon August 16, 1921, showing partial satisfaction in the sum of $502. On August 20, 1921, another execution was issued. On September 21, 1921, a levy was made upon some tractors, a gang plow, and two automobiles. On this date the defendant presented to the trial court his motion papers to vacate the judgment. The trial court issued an order to show cause, staying further proceedings upon the execution. The proposed answer alleges, as a defense, the partnership and its dissolution; the purchase by the defendant of the good will of the business for $2,500; the agreement by the plaintiff that he would not become interested in the ownership of any garage in Langdon for at least five years without the written consent of the defendant; that the note formed a part of the consideration for the good will; that the plaintiff, in violation of his agreement, in the month of April established a garage and repair shop in Langdon, and

since that time has operated such garage and repair shop and is now doing so; that therefore the consideration for the note has entirely failed. The same facts are also alleged as a counterclaim, and damages therefor demanded in the sum of $2500.

The defendant seeks to vacate the judgment, pursuant to § 7483, C. L. 1913, which provides that the court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. The defense and counterclaim asserted in the proposed answer is subject-matter for an independent action. All of the rights of the defendant can be secured and determined in an independent action. The defendant complains that he will be prejudiced by being compelled to resort to an independent action, for the reason that the plaintiff is insolvent. The defendant, however, has an equitable remedy to stay the enforcement of plaintiff's judgment upon proper showing in the prosecution of his independent cause of action. The defense asserted is in the nature of a counterclaim, which can as well be maintained in an independent action, and, unless prejudice would result, the judgment should not be vacated for such reasons. Cresswell v. White, 3 Ind. App. 306, 29 N. E. 612; Wills v. Browning, 96 Ind. 149, L. R. A. 1916F, 858. This court has frequently held, and the statute so provides, that the trial court has a discretion in the vacation of default judgments. For the reasons stated, I am not prepared to hold that the trial court abused its discretion in refusing to vacate the judgment. Bowman v. Wood, 41 Ill. 203; Palmer v. Harris, 98 Ill. 507. The order should be affirmed.

CHRISTIANSON, J. (dissenting). Under the express terms of the statute (Comp. Laws 1913, § 7483), an application to vacate a default judgment on the ground of mistake, surprise, or excusable neglect is addressed to the sound judicial discretion of the trial court on the particular facts of the case. Consequently its determination will not be disturbed no appeal unless it is plain that its discretion has been abused. 23 Cyc. 895. On such application the prime question is whether the moving party has presented a sufficient excuse for his negligence. Wakeland v. Hanson, 36 N. D. 129, 132, 133, 161 N. W. 1011. In this case, as stated in the majority opinion, the showing presented by the defendant in support of the contention that the judgment was taken against him through in-

advertence or excusable neglect was controverted. The trial judge decided the question in favor of the plaintiff. Defendant has the burden of showing that the trial court's decision is clearly wrong. Upon the record presented here I am of the opinion that the defendant has not sustained this burden. In other words, I do not believe that this court can say that the trial court abused its discretion in refusing to vacate the judgment.