Ruffin, C. J.
 

 From the pleadings and proofs we find this to be the case between these parties. In October, 1833, the defendant, by parol, leased to the plaintiffs, for- the year 1834, a parcel of land, containing sixty or seventy acres, at a rent of 350 bushels of Indian corn, to be delivered on the 19th of October, 1834: and to secure the same, the plaintiffs executed their covenant to the defendant. At the time of
 
 *351
 
 making the lease, an action of ejectment had beep brought by Rebecca Poston for the same land, against the present de fendant or some person holding under him ; and a recovery was effected therein soon afterwards as to forty or fifty acres of the land, and the said Rebecca was put into possession in the last of the year 1833. The plaintiffs afterwards leased from her the part thus recovered and entered therein under her, and at the same time they entered into the residue of the land under the demise from the defendant. When the rent became payable, the plaintiffs offered to the defendant a fair proportion thereof, to be estimated according to-the relative quantity and quality of the portions of the land, which they held under him and Mrs. Poston respectively; but the defendant refused to receive any thing but the whole, and instituted an action on the covenant therefor. The answer states that the plaintiffs knew of (he action of ejectment; which appears to be true. Aud it further states, that it was distinctly agreed between the parties, that the plaintiffs ' should run the risk of a recovery in that action,- and sustain the loss without recourse to the defendant. But of the truth of this allegation there is no evidence; and, on the contrary, a witness states, that the parties repeated to him the terms of their contract, that is to say, as to the parcel of land intended to be leased and as to the rent to be paid, but that there was no such stipulation or conversation as this last, as set forth in the answer. The bid prayed that the rent might be properly apportioned, and for an injunction against further proceedings at law. Upon the coming in of the answer, on the motion of the defendant the injunction was dissolved ; but the plaintiffs replied and the cause proceeded to proofs, and has been transferred to this court for hearing.
 

 The court is of opinion that the plaintiffs are entitled to relief. In every lease of land the lessor is so far bound, by implication, for the title aud enjoyment by the lessee, that his right to the rent is dependent thereon ; and if the tenant be evicted from the demised premises, the rent is thereby suspended. So, if the lessee be evicted of a part of the land demised, by a stranger, on title paramount, it operates as a
 
 *352
 
 suspension of the rent
 
 pro
 
 tanto, and the rent is apportioned, aud payable only in respect of the residue. Co. Lift. 148.' Of course, the rule mu.st be the same if the lessor himself be evicted before the term was to'begin, and the lessee be
 
 kept
 
 out by superior title,
 
 so
 
 that he could not enter under the agreement for the lease. The rule is founded on that principle,so consonant to natural justice, that one should not be compelled to pay for that, which, although contracted for, he never got; which, while it is a rule of landlord and tenant, would
 
 a fortiori
 
 be adopted by a Court of Equity, to which a party found it necessary to apply. Such necessity is laid upon these plaintiffs by the form in which they contracted. As a doctrine of the law, an apportionment of rent can be adjudged only when it is reserved on a lease, and an action is brought for it as rent thus reserved. Such an action is founded on the relation of the parties as lessor and lessee, and the rent is due to the one in respect of the enjoyment of the land had by the other ; and therefore an eviction by b$t-ter title is an answer to the action. In this case the rent was not merely thus reserved, but was secured by an independent covenant for the payment of so much corn in gross ; and from the method of pleading at law, it-- could not be there seen, that this was a debt for rent, and therefore could not be apportioned in the action on the covenant. But being in fact a debt of that sort, and the lessees having actually never enjoyed the premises in respect to which the rent was to arise, the principle of law and justice applies in this court, in which the real purpose of the instrument may be enquired into, and ascertained to be a security for rent. That is the ground of a change of the jurisdiction in this case; and when it is found, that this covenant is but a distinct security for rent reserved on a lease, then equity but follows the law in apportioning the debt upon this security, as the law would apportion it, if it had been sued for as rent reserved by the lease.
 

 The defendant has failed to establish any special agreement of the plaintiffs to take the risk of the ejectment. It does not appear that any thing of the kind was in the con
 
 *353
 
 templation of either of the parties. Consequently, the case stands on the general doctrines already discussed ; and plaintiffs must have a decree. There must be an enquiry as to the quantity and annual value of the several parcels of land occupied by the plaintiffs-under the defendant and Mrs. Poston, and the rent agreed on accordingly apportioned; and also an enquiry, as to what sums, if any, the defendant may have recovered and received, in the action at law, for the debt, interest or costs, and also for the costs of this suit upon the dissolution of the injunction, that the proper decree may be made in respect of each of them.
 

 Per Curiamv Decreed accordingly.