# HIRAM F. BUSH

*v.*

# JOSEPH H. HANSON.

1. JURISDICTION. The power to hear and determine a case, is jurisdiction; it is *coram judice* whenever a case is presented which brings this power into action.

2. SAME—*judgment by confession.* Where a declaration, the warrant of attorney, and affidavit of its execution, the note and *cognovit* by the attorney authorized, are filed, the defendant is before the court, and there is enough to set the court in motion to hear and determine.

3. If, in such case, the court proceeds, and, in rendering judgment, acts without sufficient evidence, without the oral testimony required by the 2d section of the act of 24th of February, 1859, concerning confessions of judgment, having been produced, a case will be presented, not

Opinion of the Court.

of want of jurisdiction, but one only of error in the exercise of jurisdiction.

4. The production of the evidence required by that act to authorize the judgment is not a jurisdictional fact, where the court has before acquired the right to proceed to hear testimony and determine the case.

5. COGNOVIT—*warrant of attorney to confess judgment.* A warrant of attorney to confess judgment, is a familiar common law security, and the entry of judgment by *cognovit* thereunder is a proceeding according to the course of the common law, which courts have ever entertained, in the ordinary exercise of their authority as courts of general jurisdiction.

6. And the fact that the statute has regulated the mode of procedure, does not convert the proceeding into one of such a special statutory character, that the same presumptions do not obtain as in the case of ordinary judgments of superior courts of general jurisdiction.

7. Although, by the declaration, the action may appear to be prematurely brought, a confession of judgment will cure the defect.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Mr. G. D. A. PARKS, for the plaintiff in error.

Mr. GEORGE S. HOUSE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a motion to set aside a judgment by confession, against Bush, the plaintiff in error, by virtue of a warrant of attorney.

The note upon which the judgment was rendered bore date September 8th, 1871, payable six months after date, and was accompanied by a warrant of attorney, of the same date, executed by Bush, the maker of the note, especially authorizing the entry of the appearance of Bush, and the confession of judgment upon the note at any time after the date of the warrant of attorney. The judgment was confessed by the attorney authorized, in open court, on the 30th day of September, 1871. The motion to set it aside was made June 4th, 1873, and was overruled by the court below, from which decision in overruling the motion, Bush prosecutes this writ of error.

The main point urged for the reversal of the judgment is, that the record does not affirmatively show the production, by the plaintiff, of the testimony required by the 2d section of the act of 24th of February, 1859, entitled "An act concerning confession of judgment."

The provision of that section is, that before any court shall be authorized to render judgment on any note not then being due by the terms thereof, by virtue of any supposed authority contained in any accompanying power of attorney, the plaintiff shall prove, by testimony to be produced and taken orally in court, that at the time of the execution of the power of attorney, the person who executed the same was particularly informed, and then knew, that the meaning of the power of attorney was, to authorize the rendition of judgment on the note, before the same should become due by its terms; and also, that the plaintiff will be in imminent danger of losing the debt thereby secured, unless a judgment shall be rendered thereon immediately.

It is contended by counsel for defendant in error that the proof required by the statute is necessary to give jurisdiction; that in the rendition of the judgment, the court exercised a special statutory authority, not according to the course of the common law, and which does not belong to it as a court of general jurisdiction, and that, therefore, the proceeding stands on the same footing with those of courts of inferior jurisdiction, where everything will be presumed to be without the jurisdiction which does not appear by the record to be within it.

Jurisdiction has been thus defined: The power to hear and determine a cause, is jurisdiction; it is *coram judice* whenever a case is presented which brings this power into action. *United States* v. *Arredondo et al.* 6 Pet. 709. There can be no question here as to jurisdiction of the subject matter.

It appears, from the judgment order, that a declaration, the warrant of attorney, and affidavit of its execution, the

note and *cognovit* by the attorney authorized, were filed. The
defendant in the judgment was before the court by appear-
ance by his duly authorized attorney. A case of jurisdiction
was then presented. There was enough to set the court in
motion to hear and determine. If thereupon the court pro-
ceeded, and, in the rendering of its judgment, acted without
sufficient evidence, without the oral testimony, required by
the statute, having been produced, a case would be presented,
not of want of jurisdiction, but one only of error in the
exercise of jurisdiction. The production of the requisite
evidence to authorize the judgment, was not a jurisdictional
fact, where the court had before acquired the right to pro-
ceed to hear testimony and determine in the case.

A warrant of attorney to confess judgment, is a familiar
common law security. The entry of judgment by *cognovit*
thereunder, is a proceeding according to the course of the
common law, which courts have ever entertained, in the
ordinary exercise of their authority as courts of general juris-
diction. The fact that the statute has regulated the mode
of procedure, does not convert the proceeding into one of
such a special statutory character, that the same presumptions
do not obtain as in the case of ordinary judgments of superior
courts of general jurisdiction. The point was directly so
ruled in the case of *Osgood* v. *Blackmore*, 59 Ill. 261. The
judgment there, was one by confession, on a note due thirty
days after written notice, by virtue of a warrant of attorney,
which authorized a confession of judgment after the maturity
of the note.

It did not appear, by the record, that the notice had been
given to render the note due. It was held, that it must be
presumed, in favor of a judgment of a superior court, that
evidence was heard that the required written notice had been
given to render the note due.

It is insisted that, inasmuch as there is a recital of the
filing of the warrant of attorney, and the proof of its execu-
tion by affidavit, and of the filing of the *cognovit*, and that

there was full investigation of the fairness of the transaction by the court, the inference is, that no other proof was offered. But it has ever been held by this court that, where the evidence appearing in the record in a suit at law is not sufficient to sustain the verdict and judgment, it would be presumed, in support of the judgment, that other sufficient evidence, for that purpose, was given on the trial, unless the bill of exceptions states that it contains all the evidence that was given. As the judgment order does not purport to recite all the proof that was made, it is not to be inferred that no other than that recited was made.

It is objected that the declaration contains no averment of the facts required by the statute to be proved, and that without that, it shows no cause of action *at the time* it was filed. Although, by the declaration, an action may appear to be prematurely brought, a confession of judgment would cure the defect.

Perceiving no error in the overruling of the motion, the judgment of the court below is affirmed.

*Judgment affirmed.*