# Robert Koehler, Defendant in Error, v. John C. Glaum, Plaintiff in Error.

## Gen. No. 16,632.

1. FRAUD—*when representations do not give cause of action.*
Alleged fraudulent representations which relate to a future act and not to an existing fact do not confer a cause of action and do not constitute a defense to a promissory note.

2. JUDGMENTS—*what essential to require setting aside, by confession.*
In order to require that a judgment entered by confession be opened up the defendant is bound to make a clear showing that he had a defense to the action; and affidavits setting up the alleged defense will be most strongly construed against the defendant.

3. JUDGMENTS—*when not set aside entered by confession.* Such a judgment will not be set aside to enable the defendant to maintain a cross action.

4. JUDGMENTS—*when refusal to set aside, entered by confession not erroneous.* A motion to vacate a judgment entered by confession is addressed to the sound legal discretion of the trial court whose action in denying it will not be reviewed unless it appears that such discretion has been abused.

Judgment by confession. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

CHARLES F. VOGEL, for plaintiff in error.

RUBENS, FISCHER & MOSSER, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This case is brought before us upon a writ of error, contending that the Municipal Court of Chicago erred in overruling Glaum's motion, supported by affidavits, to vacate a judgment for $341 and costs entered in that court in favor of Koehler upon judgment notes given him by Glaum.

Five affidavits were filed in support of the motion, in which it is alleged that Koehler, who then owned a saloon, induced Glaum to buy it of him for $1,000, of which amount $700 was paid in cash, and the remaining $300 was represented by judgment notes; that Koehler falsely represented that his wife, with whom he had trouble, was coming from Germany, and that if he could sell, he would at once leave for California; that his daily sales in the saloon were from $35 to $40; that he would sell all interest in the saloon, including good will, and would not go into the saloon business for two years.

From the affidavits it appeared that on the night after the day on which the sale was made and Glaum took possession of the saloon, Koehler surreptitiously removed certain cases of whiskey which he had secreted in the basement. It further appeared that immediately after selling the saloon, Koehler stated to others that he was not going to California, but would go into the saloon business again, and that within three weeks he did start in the saloon business within a block and a half of the saloon he had sold. The affidavits further charge that Glaum's daily sales did not exceed $20, and that Koehler is making every effort to take away the customers of the saloon he sold. The only error relied upon for reversal is that the court erred in overruling Glaum's motion, supported by these affidavits, to vacate the judgment entered by confession upon his notes.

Whatever our views may be as to the moral phase of Koehler' conduct, we are clear that upon this record, we ought not to reverse the action of the court below. The affidavits do not make a case. For example,—with respect to the earnings of the saloon,— the affidavits charge that Koehler said its daily sales were from $35 to $40; but it is not denied that such was the fact. It is no contradiction of Koehler's statement to say that, under Glaum's management (with Koehler

competing only one and a half blocks away), the sales were only $20 per day. Koehler's agreement not to engage in the saloon business for two years, being unlimited as to locality and only limited as to time, was void as against public policy. The alleged fraudulent representations by Koehler as to his going to California related to a future act not an existing fact. This is not sufficient. Gage v. Lewis, 68 Ill. 604.

In the lower court plaintiff in error was bound to make a clear showing that he had a defense to the action, with his affidavits construed most strongly against him. Brunswick v. Hurley, 131 Ill. App. 235; Chicago Fire Proofing Co. v. Bank, 145 Ill. 481.

Moreover, what plaintiff in error really sought by his motion was that he might be given an opportunity in that suit to interpose a cross action against Koehler on account of his alleged misconduct. But the judgment by confession will not be set aside merely to enable the defendant to maintain a cross action. Boas v. Heffron, 40 Ill. App. 652.

If he has a cause of action against Koehler plaintiff in error may assert it in a new suit.

A motion to vacate a judgment entered by confession is addressed to the sound legal discretion of the trial court, whose action in denying it will not be reviewed unless it appears that it had been abused. Evans v. Schriver Laundry Co., 57 Ill. App. 150; Blake v. State Bank of Freeport, 178 Ill. 182.

Finding no such error, the judgment of the court below will be affirmed.

*Judgment affirmed.*