## John D. Broxham, Plaintiff in Error, v. James J. Harrington, Jr., Defendant in Error.

### Gen. No. 21,277.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 17, 1916.

### Statement of the Case.

Action for deceit by John D. Broxham, plaintiff, against James J. Harrington, Jr., defendant, to recover money expended by the plaintiff in redeeming from a sale of property for an unpaid special assessment which the plaintiff claimed the defendant, the plaintiff's grantor of the property, represented as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

having been paid. On judgment for the defendant, the plaintiff brings error.

It appeared that plaintiff and defendant, each owning certain lots, agreed to make an exchange; that on August 25, 1913, they met at the office of defendant to close the deal; that defendant produced an opinion of title from the Chicago Title & Trust Company showing that his property was subject to a special assessment for street paving, confirmed February 29, 1912, payable in five annual instalments. Plaintiff testified that defendant said that the former owner of his lots had paid the first instalment of·the special assessment, and that defendant would get the receipt from him and turn it over to plaintiff. There was evidence tending to corroborate plaintiff. On the other hand, defendant denied making such statement, and there was testimony tending to corroborate·him. The deal was closed, defendant giving plaintiff a warranty deed of that date conveying the property to plaintiff, "subject to all taxes and assessments levied for the year 1912 and to any unpaid special taxes or special assessments." Plaintiff claimed that as a matter of fact this first instalment of the special assessment had not been paid, and that after he acquired title the property was sold therefor and he was obliged to and did deposit with the county clerk $116.67, the amount necessary to redeem from this sale. Plaintiff claimed that by defendant's false representation, knowingly made, he induced plaintiff to act upon it to his loss and injury.

RATHJE, LAWLOR & CONNOR, for plaintiff in error.

WILLIAM A. JENNINGS, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1752*—*when judgment affirmed for insufficiency of abstract.* Where, on review of a judgment on a writ of error, papers and documents, received in evidence in the trial court and referred to in the plaintiff in error's brief and argument as being insufficient to support the judgment, do not appear in the abstract of record either in whole or in part, or in substance, the court will not search the record to find grounds for reversal, but judgment may properly be affirmed on the ground that it will be presumed that they were sufficient to support the conclusion reached by the trial court.

2. FRAUD, § 115*—*when evidence insufficient to sustain judgment.* In an action for deceit to recover money expended by the plaintiff in redeeming from a sale of property for an unpaid special assessment which the plaintiff claimed the defendant-grantor represented as having been paid, evidence *held* insufficient to support a judgment for the plaintiff.

3. CONTRACTS, § 256*—*when previous negotiations merged in written contract.* A written contract executed between parties supersedes all prior negotiations, representations and agreements upon the subject.