## State Bank of Mansfield, Defendant in Error, v. Gabriel C. Stauffer, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Piatt county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Judgment by confession by the State Bank of Mansfield, plaintiff, against Gabriel C. Stauffer, defendant. From a judgment overruling a motion by defendant to vacate the judgment and be allowed to plead, defendant brings writ of error.

This motion was supported by defendant's own affidavit, which, in substance, stated that on October 28, 1914, he filed a bill in equity on the chancery side of said Circuit Court calling for an accounting by the bank with him, which bill was made a part of the affidavit, and that the contents of the bill were true; that he verily believed upon an accounting had between himself and the bank, said note would be shown to be without consideration and that the bank would be found to be indebted to him; that said bill was then pending and service had been had upon the defendants therein mentioned; that he verily believed that upon such accounting being had, it would be disclosed that he had a good defense to the whole of plaintiff's cause of action.

The bill of complaint referred to averred that the State Bank of Mansfield was the successor of another bank known as the Commercial Bank of Mansfield; that the latter bank was conducted as a copartnership in which William H. Firke and several other persons were associated together in the banking business as copartners; that complainant for a number of years

prior to 1897, the date of the organization of the State
Bank, had been a depositor and customer of the Com-
mercial Bank, and after the latter was succeeded by
the State Bank he continued to be a depositor, cus-
tomer and patron of the State Bank; that for the past
fifteen years said Firke has been president of the
State Bank, and for ten years the defendant Burns has
been cashier thereof. The bill further averred that he
had had trouble in getting his pass books from the
State Bank, and alleged the amount of his income,
etc.; that some time prior to the year 1913, the defend-
ant Burns told him that he had overdrawn his bank
account, and certain sums of money were due and
owing from him to the State Bank, and requested him
to give his note for said sum; that he did not remem-
ber nor could he state the beginning of the transactions
following the first note given by him to the State Bank;
that in February, 1913, Burns, the cashier, informed
him that he owed the State Bank $5,300, and asked
him to give his note for that amount, and he thereupon
executed the note in question in this case; that said
State Bank through Firke and Burns were insisting
that he pay said note, and unless he did pay it they
would cause a judgment by confession to be taken
thereon; that he was endeavoring to learn from the
State Bank and said Firke and Burns the nature of the
indebtedness and consideration for which the note was
given, but the latter had refused to make him any state-
ment; that he verily believed said note to be without
any consideration therefor.

The bill made the State Bank, together with Firke
and Burns, parties defendant and prayed that an ac-
counting be taken of all the transactions and dealings
of complainant from the time he commenced doing
business with the defendants, or either of them, and
that upon such accounting being taken that said bank,
Burns and Firke or such of them as might be found
to be indebted to him, might be decreed to pay him

what, if anything, might be found by such accounting to be due him; that he was willing and ready to pay to the defendants, or either of them, any sums of money which might be found to be due from him to them upon said accounting; that the defendants to said bill might be enjoined from entering up judgment upon said note, etc.

C. C. LE FORGEE and ELIM J. HAWBAKER, for plaintiff in error.

C. W. FIRKE and HERRICK & HERRICK, for defendant in error.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 82*—*when affidavit in support of motion to set aside judgment by confession on note insufficient.* On a motion to set aside a judgment by confession on a judgment note, an affidavit in support of such motion *held* insufficient.

2. JUDGMENT, § 72*—*when judgment by confession not opened up.* A judgment by confession on a judgment note will not be opened up for the purpose of permitting a plea of set-off.

3. LIS PENDENS, § 3*—*when suit in equity pending.* A suit in equity is not pending until the summons has been issued and an effort made to secure service.

4. ABATEMENT AND REVIVAL, § 37*—*when suit in equity not ground for abatement.* Where a judgment by confession is entered before a summons is issued in a suit in equity, such suit is not a pending action so as to abate the suit at law.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.