## M. H. Cronk, Plaintiff in Error, v. Thomas F. Lee Land Company et al., Defendants in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Effingham county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

### Statement of the Case.

Bill for specific performance by M. H. Cronk, complainant, against the Thomas F. Lee Land Company, H. T. Witwer, S. A. Eskew and D. B. Crews, defendants. From a decree dismissing the bill for want of equity, complainant brings error.

See also, *Crews v. Cronk, ante,* p. 633, a related case.

G. F. TAYLOR and W. S. HOLMES, for plaintiff in error.

JACOB ZIMMERMAN and BYRON PIPER, for defendants in error H. T. Witwer and S. A. Eskew.

R. C. HARRAH and PAUL TAYLOR, for defendant in error D. B. Crews.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 256*—*when verbal promises and agreements are merged in written contract.* In the absence of fraud, verbal promises and agreements made during negotiations leading up to the execution of a written contract become merged in the written contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Cronk v. Thomas F. Lee Land Co., 210 Ill. App. 634.

2. Vendor and purchaser—*what is binding contract for resale of land for purchaser.* A contract between representatives of the vendor of land and the purchaser after the execution of the contract of purchase, in which such representatives agree to use their best efforts to resell the land within a certain period, such purchaser to share in the profits, if any, and failing in their efforts to sell within such period to take the land off the purchaser's hands, to refund the portion of the purchase price represented by a mortgage given by the purchaser to the vendor, and to assume his obligations under the contract with the vendor, constitutes a valid and binding contract.

3. Vendor and purchaser—*when release of vendor from contract for resale of land shown.* On a bill for specific performance, evidence *held* sufficient to sustain the chancellor's findings that complainant had released and discharged defendants from all obligation under a contract wherein they agreed to resell certain land for complainant within a specified time, and failing in that to take the land off his hands and to assume his obligations, after reimbursing him to the extent of the security given by him for the purchase price.

4. Evidence, § 364*—*what may be shown by parol.* A release or discharge from an obligation under a contract to sell land may be shown by parol.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.