CHICAGO—FIRST DISTRICT—JULY, 1918.    513

Western Hdw. Mfg. Co. v. Chandler et al., 211 Ill. App. 513.

Western Hardware Manufacturing Company, Appellee,
v. H. B. T. Chandler and W. L. Lindgren, Appellants.

Gen. No. 24,149.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY M.
FISHER, Judge, presiding. Heard in this court at the March term,
1918. Affirmed. Opinion filed July 1, 1918. Rehearing denied July
12, 1918.

## Statement of the Case.

Western Hardware Manufacturing Company, a
corporation, procured a judgment against H. B. T.
Chandler and W. L. Lindgren for $155 by confession
under a power of attorney contained in a lease under
seal between the parties to certain premises. Defend-
ants moved to vacate this judgment, but such motion
was denied and an appeal from such order was prayed
and perfected.

ADLER, LEDERER & BECK, for appellants.

CRUICE & LANGILLE and HENRY M. SHABAD, for ap-
pellee; HENRY M. SHABAD, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

## Abstract of the Decision.

1.   JUDGMENT, § 82*—*when affidavit in support of motion to vacate
by confession is insufficient.* An affidavit presented in support of
a motion to vacate a judgment by confession, under a power of
attorney in a lease against officers of a corporation individually
leasing the premises, presents no meritorious defense in an allega-
tion that the corporation occupied the premises and paid the rent
accruing during the time of such occupation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

2. LANDLORD AND TENANT, § 443*—*how lease cannot be terminated.* A lease cannot be terminated contrary to its covenants by parol.

3. CONTRACTS, § 251*—*how may not be modified.* A sealed executory contract cannot be changed, altered or modified by parol.

4. JUDGMENT, § 82*—*when denial of motion to vacate by confession is proper.* The trial judge does not abuse his discretion in denying a motion to vacate a judgment by confession where there are no facts stated, in an affidavit in support of a motion to vacate the judgment, which constitute any defense upon the merits.