## S. I. BLOMBERG v. HOBART EVANS.

(Filed 25 June, 1927.)

**Landlord and Tenant—Ejection—Partial Eviction—Reduction of Rent— Burden of Proof—Evidence.**

> In order for the defendant, in summary action of ejectment, to retain possession for partial eviction of the leased premises by paying relatively a reduction in the rental price fixed by his contract, he must prove that such eviction was caused by the plaintiff, or one acting under his authority, or one paramount in title, and upon failure of evidence of this character, his claim therefor is properly denied as a matter of law.

APPEAL by defendant from judgment of *Schenck, J.*, at November Term, 1926, of BUNCOMBE. No error.

Proceeding for summary ejectment, begun on 15 September, 1926, in the court of a justice of the peace of Buncombe County, and tried upon defendant's appeal from judgment therein rendered to the Superior Court of said county.

From · judgment on the verdict defendant appealed to the Supreme Court.

*R. R. Williams for plaintiff.*
*Wells, Blackstock & Taylor for defendant.*

CONNOR, J. On 15 September, 1926, and for some time prior thereto, defendant was in possession of a two-story brick building, situate on a lot in the city of Asheville, N. C., as tenant of plaintiff, holding under a written lease, dated 25 February, 1924. Defendant failed to pay the rent stipulated in said lease for the month of July, 1926, and due on the first day of said month. His term under said lease did not expire until 31 December, 1927; it is expressly provided therein, however, that upon defendant's failure or neglect to pay the rent monthly as same shall become due, he shall forfeit all rights under the lease, and plaintiff may enter upon the premises and expel defendant therefrom.

The monthly rental stipulated in the lease is $125. Defendant paid said sum for each month, included in his term under the lease, prior to 1 July, 1926; on said day he sent to plaintiff, by mail, his check for $80, as rent for the month of July, due on said day. Plaintiff declined to accept said check, and thereupon notified defendant that unless he paid the monthly rent stipulated in the lease, to wit, $125, for the month of July, he would institute proceedings for his summary ejectment from the premises. Defendant refused to pay said sum, and also refused to surrender possession to plaintiff.

This proceeding was begun on 15 September, 1926, in the court of a justice of the peace of Buncombe County. Judgment was therein rendered that plaintiff recover of defendant possession of the premises described in the lease, and also the sum of $125, as rent for the month of July, 1926, and his costs. C. S., 2365, *et seq.* Upon defendant's appeal from this judgment to the Superior Court of Buncombe County, there was a verdict in accordance with plaintiff's contentions. From judgment on this verdict defendant appealed to this Court.

In defense of plaintiff's recovery in this proceeding, defendant alleges that during the month of June, 1926, he was partially evicted from the premises which he held under the lease, as tenant of plaintiff; he contends that he is entitled to an abatement of the rent due for the month

of July, and for each subsequent month included in his term, because of such partial eviction. He contends further that having tendered plaintiff his check in payment of the full amount which he should be required to pay as rent for the months of July, August and September, after such abatement, he was entitled to possession of the premises under his lease, and that, therefore, plaintiff is not entitled to recover in this proceeding.

Upon his appeal to this Court, defendant assigns as error the refusal of the trial court to submit issues tendered by him, in accordance with his allegation, and also the instructions of said court to the jury, upon the issues submitted, for that said instructions denied him the right, as he contends, to have the jury consider and pass upon the matters involved in his defense.

There was no conflict in the evidence. All the evidence, which consisted of the testimony of plaintiff and defendant, each testifying as a witness in his own behalf, tended to show the facts to be as follows:

The subject-matter of the lease as described therein is "a certain lot, with building thereon, in the city of Asheville, Buncombe County, North Carolina, situate on the west side of and known as No. 11 Southside Avenue, together with all the privileges and appurtenances thereunto belonging or in any wise appertaining."

The lot is at the intersection of Southside Avenue and Church Street; it has a frontage of approximately 55 feet on Southside Avenue and a general depth of about 85 feet. It is triangular in shape, and very narrow at the back, running to a point. At the date of the lease, when defendant entered into possession of the lot and building thereon, there was a mountain, or high hill, lying to the north of the lot, known as "The Buxton Hill Property." An alleyway 20 or 25 feet wide had been constructed along the side of the mountain, immediately to the north of the lot. There was no evidence tending to show by whom the alleyway was constructed, or whether or not it was a public alleyway or street.

The building on this lot fronted on Southside Avenue, and covered almost the entire lot. It was a two-story brick building, and was constructed originally and leased by defendant as a garage or repair shop for automobiles. A bridge or ramp had been constructed from the alleyway on the north side of the lot to the second story of the building. This bridge or ramp was used for running automobiles from the alleyway into the second story of the building. No other means was provided for that purpose. Without the bridge or ramp, the second story could not be used as a garage or automobile repair shop, the purpose for which defendant leased the building.

In June, 1926, the owners of "The Buxton Hill Property" cut down and excavated the mountain lying to the north of the lot. The alleyway was graded down by them so that it was no longer on a level with the second story of the building. As a result of this work, the bridge or ramp was destroyed, leaving no means of using the second story of the building for the purpose for which the building was constructed, and leased by defendant. Plaintiff had nothing to do with the excavation of the mountain side, the grading down of the alleyway, or the destruction of the ramp. Plaintiff, when requested by defendant to put an elevator in the building, so that the second story might continue to be used as a garage, declined to do so. He offered, however, to release defendant from payment of rent under his lease, provided defendant would surrender the possession of the premises. This defendant declined to do.

There was no evidence that the destruction of the ramp on the demised property was sanctioned or authorized by plaintiff, or that the owners of said Buxton Hill property had any paramount title to the demised premises or any part thereof, or that said work was done under authority of the city of Asheville, in the exercise of its right of eminent domain.

In the absence of evidence tending to show that the change in the conditions of the demised premises, subsequent to the date of the lease, and defendant's entry thereunder, depriving defendant as lessee of the use, occupation and enjoyment of a substantial part thereof, was caused by plaintiff as lessor, or by some one who had paramount title thereto, there was no error in holding that defendant was not evicted from said premises or from any part thereof, and that defendant could not, therefore, invoke the law as declared in *Poston v. Jones,* 37 N. C., 350, in support of his contention that he was entitled to an abatement of his monthly rental.

"Eviction" is defined as "anything of a grave and permanent character done by the landlord or those acting under his authority with the intention and effect of depriving the tenant of the use, occupation and enjoyment of the demised premises, or any substantial part thereof, or the establishment or assertion against the tenant of a title paramount to that of the landlord." 36 C. J., 255, sec. 979. "An eviction of the tenant by a wrongdoer or trespasser without title, not acting under authority from the landlord does not affect the continuing liability of the tenant to his landlord for rent." 36 C. J., 313 and cases cited in N65.

In *Poston v. Jones, supra,* it is said: "In every lease of land the lessor is so far bound, by implication for the title and enjoyment by the lessee that his right to the rent is dependent thereon; and if the tenant be evicted from the demised premises the rent is thereby suspended. So if the lessee be evicted from a part of the land demised, by a stranger

on title paramount, it operates as a suspension of the rent *pro tanto,* and the rent is apportioned and payable only in respect of the residue."

In the instant case there is no evidence from which the jury could find that defendant was *evicted* from the premises or from a substantial part thereof, by plaintiff, or by any one whose title was paramount to the title of plaintiff; nor is there evidence that the excavation of the "Buxton Hill Property" or the grading down of the alleyway, or the destruction of the bridge or ramp was done by the "Buxton Hill" people under authority of the city of Asheville.

Plaintiff offered to release defendant from payment of rent under his lease, provided defendant would surrender the possession of the property. Defendant insisted upon retaining possession under his lease. There was no error in holding that upon all the evidence he was not entitled to an abatement of his rent because of a partial eviction. The judgment is affirmed.

No error.