George C. Adams et al., Appellants, v. Dora Eisenstein and Josephine Silverberg, Appellees.

Gen. No. 32,207.

560

Opinion filed May 2, 1928.   Rehearing denied May 17, 1928.

ADAMS & BAKER, for appellants; J. N. BAKER, of counsel.

PERLMAN, GOODMAN & SCOLNIK, for appellees; AVERN B. SCOLNIK, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

From the facts in this cause it appears that Dora Eisenstein and Josephine Silverberg, the defendants herein, were the owners of a certain piece of property located in the city of Chicago and known as 5001–5005 South Parkway and 409 and 411 East 50th street, upon which there was an apartment building.   On the 28th day of August, 1926, one Siegel E. Young entered into a purchase contract with the defendants, by the terms of which they agreed to convey and sell to him the property in question for the total sum of $92,150.   The terms of payment were $5,000 cash at the time of execution of the contract, and the assuming and agreeing to pay a then second mortgage against said premises, amounting to the sum of $39,000; $5,150 on October 5, 1926; $200 on the fifth day of each and every month thereafter for nine months; $5,000 on August 5, 1927; the sum of $200 on the fifth day of each and every month thereafter until the entire balance due had been paid, with interest at 7 per cent per annum, payable

monthly. It appears that later the said Young assigned, for value received, all his rights, title and interest in and to said contract, to the complainants, George C. Adams and Minerva J. Adams, which assignment was with the consent of the defendants, and thereafter the said George C. Adams and Minerva J. Adams entered into possession of said premises, receiving the rents and profits therefrom and making improvements aggregating $859, and were in possession at the time of the commencement of this suit. It also appears from the evidence that on October 27, 1926, the complainants entered into an agreement with the defendants whereby they paid the defendants the sum of $2,000 in cash, and caused the rents from the building to be turned over to the defendants and applied on the purchase price of the premises. It appears from the evidence that the complainants have given certain notes which were due on the various dates set out in the agreement. The note falling due on October 5, 1926, for $5,150, was not paid at maturity, and in the meantime the payment of $2,000 became due on the first mortgage. This was paid by the defendants so that it is apparent that on that date the complainants had defaulted on the terms of the contract. On October 27, 1926, the parties entered into the agreement hereinbefore referred to, which was reduced to writing, whereby the complainants paid the sum of $2,000 which was to apply on the money paid by the defendants on the interest of the first mortgage and which should have been paid by complainants. Under the agreement between the parties, it was further agreed that the rents of the premises were to be paid to the defendants and were to apply on the purchase price, and a written order was given to that effect to the defendants, directed to Hoffman & Becker, agents of the complainants, who were in charge of the collection of rents accruing from the various tenants in the building. These agents proceeded to keep an account of

the rental collections and the expenses of the building, and then paid the balance over to the defendants. This agreement of October 27, 1926, provided further:

"This, however, to be without prejudice to any rights of the undersigned under the terms of the aforesaid contract."

The contract referred to was the original contract and contained a clause to the effect that in case of failure of the said party of the second part to make any of the payments due thereunder, or to perform any of the covenants in said agreement, the contract could be forfeited at the option of the first party, and thereby all payments theretofore made should be forfeited and considered as liquidated damages, and the first party should have the right of re-entry. A further provision in the original contract provided that the time of payment should be the essence of the contract. It appears further from the testimony that further defaults were made in the payments due on the original contract; that the rents were not sufficient to take care of the payments, and the defendants elected to declare the whole amount due on the contract, and served a notice of forfeiture upon the complainants. The complainants, failing to make the payments as demanded in the notice served upon them, the defendants instituted a suit in the municipal court for forcible entry and detainer and for possession of the premises. This case was continued from time to time and on March 15, 1927, complainants filed their bill in the superior court of Cook county, praying for an accounting and injunction to restrain the forcible entry and detainer suit. After hearing by the trial court the bill was dismissed and it is from this judgment that this appeal is perfected to this court.

It appears from the testimony that there was due, according to the statements of Hoffman and Becker, $6,466.92, on March 5, 1927, to the defendants on the purchase contract which had been entered into, after

allowing credit for all rents collected. It also appears that the complainants did not have this sum nor were they able to procure it in order to make payment, in full or in part, upon the purchase contract. Under the terms of this original purchase contract, the complainants were required to pay the interest on the mortgages and as a result of their failure to do so, it became necessary for the defendants to make these payments in order to protect the property from foreclosure. Undoubtedly, under the authorities, equity will not declare nor enforce a forfeiture where it is harsh or inequitable to do so, but all the authorities recognize that competent parties may make a contract as to penalties or forfeitures, and that courts of equity, as well as courts of law, will recognize the rights of the parties as to such penalties or forfeitures. *Lang v. Hendenberg,* 277 Ill. 368. In the case at bar the amount paid in was not so great or so nearly a complete payment of the amount required under the contract as to create a situation where it would be repugnant to a court of equity to enforce the forfeiture. Moreover, there is no offer on behalf of complainants to pay or provide for the amount due under the agreement and it would not be fair to the defendants to compel them to carry the burden and expenses of the property and allow complainants to have the benefit thereof.

The complainants rely particularly, as a ground for reversal, on the fact that at the time the supplemental agreement of October 27, 1926, was entered into, and before the written instrument or agreement was executed, there was an understanding between the parties to the effect that on or about the 26th day of October, 1926, Mrs. Eisenstein, one of the defendants, agreed to waive all rights of forfeiture of the contract, if the complainants would assign to the defendant the right to collect the rents from the premises and apply the same on the contract, and that, thereupon, relying upon this agreement, the Adamses stated that they would

make this assignment of all rents and pay $2,000 towards the payment of the note which had already accrued. This offer of testimony was refused by the trial court, and we think justly so. If there was such an understanding there was no valid reason why it should not have been inserted in and made a part of the supplemental or additional agreement entered into October 27, 1926, after the alleged conversation had taken place between the parties. It is a safe rule of law that parties are presumed to incorporate in the written instrument all the terms and conditions discussed by them prior to its execution. If this were not the fact, but few agreements would be able to stand in a court of law when called upon to answer the test. It is true that there are certain exceptions, as where fraud has entered into the agreement, but this case does not appear to come within that exception and we believe the trial court correctly refused to permit the testimony in question to be introduced in evidence. Verbal promises and agreements made during negotiations leading up to the execution of a written contract become merged in the written contract. *Cronk v. Thomas F. Lee Land Co.*, 210 Ill. App. 634; *Lanum v. Harrington*, 267 Ill. 57. There was, moreover, no need to go into the question of an accounting, and there apparently was no dispute of the figures, most of which were furnished to the trial court by Hoffman and Becker, agents of the complainants, and as to the amounts due under the contracts, those amounts were easily ascertainable through ordinary calculation of the trial court. In view of the fact that it was apparent from the testimony that the payments of rent were insufficient to provide for and take care of the payments due under the original contract, and particularly in view of the fact that the agreement of October 27, 1926, expressly declared that the right of forfeiture under the original undertaking was not waived, we agree with the learned chancellor that the defendants

had a right to declare the contract at an end and to seek to obtain possession of the premises.

For the reasons stated in this opinion, the decree of the superior court is affirmed.

*Decree affirmed.*

TAYLOR, P. J., and HOLDOM, J., concur.