**H. L. Smysor, Appellee, v. Clifford Glasscock, Appellant.**

**Gen. No. 8,362.**

Opinion filed February 3, 1930.

JOHN J. BAKER, for appellant.

A. L. YANTIS, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

In vacation, during the June, term, A. D. 1928, in the circuit court of Shelby county, a judgment was returned by confession upon a promissory note for the sum of $170.30 in favor of appellee and against appellant. At the next November term, 1928, of said court, appellant made his motion to open up the judgment, for stay of execution and for leave to plead to the merits of the case. In the affidavit filed in support of the motion, it is averred that at the time the judgment was rendered, appellee was indebted to appellant in the sum of $309.85; that the defendant was not in fact indebted to the plaintiff in any sum whatever and that on the other hand plaintiff was indebted to the defendant in excess of the amount of said judgment and costs. Subsequently, appellant obtained leave to file an additional affidavit in support of the motion. The substance of the additional affidavit is, that on or about February 5, 1927, defendant made a verbal contract for the leasing of plaintiff's farm; that under the terms of said leasing defendant was to pay to the plaintiff as rent for said premises one-half of the corn raised thereon during the crop season of 1927, one-half of the oats raised thereon for said year, and one-half of the wheat raised thereon; that in addition thereto defendant was to pay to the plaintiff the sum of $140 in cash for the pasture land on said premises, *provided,* however, that as a part of the consideration for the leasing of said lands plaintiff was to repair and rebuild the fences surrounding said pasture lands so that defendant might use the same for the purpose of pasturing his live stock during the term

of said leasing; that, conditioned upon the promise and agreement of plaintiff that he would properly fence said pasture lands, defendant gave to plaintiff the note upon which this suit is brought; that defendant paid to plaintiff one-half of all the crops raised on said premises and in every manner complied with the agreements contained in said leasing on his part to be kept, but that plaintiff failed to repair and rebuild the fences around the said pasture lands so that the defendant might use the same for pasturing purposes, whereby said pasture lands were lost to the use of the defendant on account of the fact that he could not use them, whereby the consideration for said note wholly failed. Upon a hearing of the motion, the court overruled the same and refused to open up the judgment to reverse which action this appeal is prosecuted. In the first affidavit filed in support of the motion, the reason advanced in support thereof is that the defendant has a claim for a setoff. A judgment will not be opened up simply to allow the defendant to plead a setoff. *State Bank of Mansfield v. Stauffer,* 201 Ill. App. 132.

A total failure of consideration of the note is attempted to be set out in the additional affidavit. The alleged promise averred in this affidavit is to do an act to be performed in the future, to wit, to repair or rebuild a fence around the pasture lands. The leading case on this subject is that of *Gage v. Lewis,* 68 Ill. 604. In that case the plaintiff promised and agreed with the defendant that if the latter would sign a certain bond the plaintiff would retire from and forever quit the carrying on of a certain wholesale business in Chicago, and would, in no manner, compete with the new firm of which the defendant was to become a member in such business. In an action upon the bond under a plea of failure of consideration the court held: "This case is plainly distinguishable from the class of cases

where, in the sale and delivery of personal property, or the purchase of real estate, the title fails, it is held that such failure may be interposed as a defense to a suit brought for the recovery of the purchase money. In those cases the consideration is the title to the property, while here it is the representation and promise of the party to do an act in the future. The principle is clearly and concisely stated in 1 Parsons on Notes and Bills, 203, thus: 'We must, however, discriminate between a failure of consideration and a failure of benefit resulting from it. A promises B to do a certain thing, and B makes his note to A in consideration of this promise. Then A fails entirely to perform his promise, but sues B on his note. If B retains A's promise, or if the contract is such that A is always and permanently held on his promise, B cannot defend against the note on the ground of a failure of consideration; but if B cancels A's promise, and A accepts this, the contract is so far canceled and annulled, and then the consideration for the note fails.' "

Where the consideration of a promissory note is the promise of the payee to perform a certain act in the future, the consideration does not fail because it is the promise to perform and not the performance which constitutes the real consideration. *Stellwagen v. Schmidt*, 234 Ill. App. 325, and cases cited; *Woodlawn Security Finance Corp. v. Doyle*, 252 Ill. App. 68.

The court did not err in overruling the motion. The judgment of the circuit court of Shelby county is affirmed.

*Affirmed.*