C. E. Stead, Appellee, v. D. F. Craine et al., Appellants.

Opinion filed February 12, 1930.

JUNE C. SMITH, for appellants.

WHAM & WHAM, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is an appeal from an order of the circuit court of Marion county overruling appellants' motion to open a judgment, entered by confession in open court, in favor of appellee against appellants D. F. Craine and John J. Parish, Jr.

On the first day of the January term, 1929, there was presented to the court for consideration a declaration, theretofore filed, alleging the execution of a lease by appellee as lessor and appellants Craine and Parish as lessees, whereby the lessor had leased certain premises to the lessees for a term of five years at a gross rental of $7,500, payable in monthly instalments of $125; that the lessees had authorized any attorney of any court of record to appear for them at any time after default of any payments of rent, as provided by said lease, to confess judgment without process in favor of lessor for any amount which might be due thereon, with costs, and to waive and release all errors and right of appeal. The declaration further alleged compliance by lessor with the terms of the lease and the failure of lessees to make payment of the monthly rentals for the months of February to July, inclusive, of the year 1928, and claimed damages by reason thereof in the amount of $750. With the declaration was filed a cognovit executed by one Kagy as attorney for lessees, waiving service of process, acknowledging the indebtedness as set forth in said declaration and confessing judgment therefor in favor of lessor. Judgment for $750 and costs of suit was rendered by the court in favor of appellee and against lessees, appellants herein. During the said January term of court appellants filed a written motion to open the judgment and for leave to plead to the merits of said cause.

The points raised by the motion are in substance as follows: first, the insufficiency of the warrant of attorney contained in the lease to authorize the entry of said judgment; second, the want of affidavit or evidence showing the amount due the lessor; third, the insufficiency of the declaration and proofs to warrant the court in entering the judgment by confession; and fourth, the existence of a claimed meritorious defense to the claim for rent contained in the declaration.

In support of the motion appellants filed an affidavit charging that there was no breach of the contract on the part of lessees, and a constructive eviction of appellants from the demised premises with a resulting damage to appellants in excess of the amount of the judgment.

The trial court denied the motion of appellants and this appeal is prosecuted seeking to reverse the order of the court.

Appellants' first contention is that the power of attorney does not authorize the judgment entered by the trial court. The declaration alleged certain definite monthly instalments of rent aggregating $750 to be due under the lease. No other claim was made concerning any other defaults in the lease covenants. Affidavit was filed with the declaration showing due execution of the lease and power of attorney. The confession of judgment executed by defendants' attorney admitted that the lessees were indebted to the lessor in the sum of $750 and that the lessor had sustained damages to the amount mentioned in the declaration on occasion of the nonperformance of the several promises and undertakings in said declaration mentioned.

It is urged that the cognovit is not by its terms directed to the rent due and, for aught that appears of record, the judgment entered may have been for other defaults in the covenants of the lease. The right to confess judgment under power of attorney in a lease for fixed accruing monthly rentals was passed upon by the Supreme Court in *Fortune v. Bartolomei,* 164 Ill. 51, and it was there held the same rule would apply as in the entering of judgment on a note authorizing confession of judgment; that when application is made for judgment in open court the lease would be examined, the credits deducted and a judgment entered for the balance due for fixed rents; and that the court was without power to enter judgment for de-

faults in leases where the damages were uncertain and unliquidated.

Appellants do not question but what a judgment may be entered, under a lease containing proper power of attorney to confess judgment, but insist, because the record does not show any credits indorsed on the lease, that the court had no power to hear other evidence touching payments made by the lessees and the judgment, if authorized at all, should have been entered for the entire rent fixed by the lease. The averments of the declaration as to the specific months for which the rent was unpaid, together with the confession admitting the amount due as alleged in the declaration, with due proof of the execution of the lease, was sufficient to give the court jurisdiction of the parties and subject matter. *Bush v. Hanson,* 70 Ill. 480.

A warrant of attorney to confess judgment is a familiar common-law security, and the entry of judgment by cognovit thereunder is a proceeding according to the course of the common law, which courts have ever entertained, in the ordinary exercise of their authority as courts of general jurisdiction. The fact that the statute has regulated the mode of procedure, does not convert the proceeding into one of such special statutory character, that the same presumptions do not obtain as in the case of ordinary judgments of superior courts of general jurisdiction. In the absence of a bill of exceptions it will be presumed that the court heard sufficient evidence to justify the judgment that was entered where the court had jurisdiction of the parties and subject matter. *Bush v. Hanson, supra.* If the court erred in fixing the amount of the judgment, such error would not affect the jurisdiction of the court and was one that was released by the cognovit filed pursuant to the provisions of the power of attorney and cannot be urged on a motion to vacate. *Hall v. Hamilton,* 74 Ill. 437.

It was not claimed, in the motion to vacate or affidavits filed in support thereof, that the lessees had actually paid the accrued rent for the months specified in the declaration as being in default. The defense sought to be interposed was that there had been a constructive eviction by the landlord with resulting damages to the tenants, which the lessees desired to offset against the rent accruing according to the lease.

Appellants also contend that the court erred in refusing to open the judgment and permit them to make a defense to the claim for rent on the ground that appellee was guilty of a breach of the covenants of the lease. That the acts and conduct of the landlord constituted a constructive eviction of the tenants, for which the landlord should respond in damages and suffer the loss of his rent during such period of eviction.

The affidavit, filed on behalf of appellants, alleged in substance that the lease covered the second floor of the Stead building; that the lessees had also leased from other persons the first and second floor of the Agey building which adjoined the Stead building on the south; that at the time the lease in question was made the only means of ingress and egress was by way of an opening which had been cut through a party wall between the two buildings; that the cutting of said passageway and the installing of a motor for the operation of an elevator was done by appellee and constituted considerations for which appellants entered into said lease; that the passageway was used by appellants for about four and one-half years after the leasing, when, it is alleged, Stead had some difficulty with Agey and permitted Agey to close the passageway so that appellants in the use of the demised property had to use the windows on the west side of the building for taking furniture in and out; the demised premises being then used for storage purposes in connection with appellants' place of business in the Agey building, leased by Agey to appellants; that appellants

continued to use the demised premises for about a month after the passageway was closed, but, on account of the inaccessibility and inconvenience of using the windows for ingress and egress, they abandoned the premises demised to them by appellee; that on account of the closing of the passageway they suffered damages of more than $1,000, which they offered to offset against the rent due for the time appellants occupied the demised premises.

Affidavits to vacate a judgment, entered by confession, which purport to set forth agreements not contained in the lease are insufficient, for such is merely an attempt to vary the terms of a written agreement by parole evidence. *Stafford v. Ward,* 204 Ill. App. 532; *Western Hardware Mfg. Co. v. Chandler,* 211 Ill. App. 513.

Unless the premises are rendered useless to the tenant by the positive act of the landlord, or unless the tenant has been deprived in whole or in part of the possession or enjoyment of his demised premises, actually or constructively, by the landlord, no defense exists to a right to recover rents because of eviction as none exists in law or fact. No positive act was proposed to be proven on the part of the landlord and where there is no duty not complied with and no wrong act committed by the landlord towards the tenants, no eviction occurs. *Barrett v. Boddie,* 158 Ill. 479. An eviction of a tenant by a wrongdoer or trespasser not acting under authority from the landlord does not affect the continuing liability of the tenant for rent. *Blomberg v. Evans,* 194 N. C. 113 (53 A. L. R. 686).

The facts averred in the affidavits did not show that the landlord, under the terms of the written lease, was under any legal duty or obligation to maintain a free passageway between the buildings in question and the alleged constructive eviction of appellants was chargeable to a stranger to the contract, for whose acts appellee was not responsible. There were further alleged

facts in the affidavits, based on information and belief, to the effect that after appellants abandoned the premises appellee leased the same to other parties and collected rent therefor. A judgment by confession will not be opened merely for the purpose of allowing a defendant to maintain a cross-action. *Koehler v. Glaum*, 169 Ill. App. 537.

We are of the opinion that the trial court did not err in overruling appellants' motion to vacate or open the judgment entered by confession. Accordingly the judgment order of the circuit court of Marion county is affirmed.

*Judgment order affirmed.*