FRANCIS HARDWARE CO. *v.* BOSLEY.

1. LANDLORD AND TENANT—PARTIAL EVICTION BY STRANGER—APPORTIONMENT.

Partial eviction of tenant by stranger does not suspend payment of rental, but results in its apportionment.

2. SAME—REDUCTION OF RENT.

Where lease included shed in rear, which was on another's premises, on its removal by owner, qourt could not order landlord to replace it, because shed and land on which it stood did not belong to him, but properly reduced rent.

3. SAME—APPORTIONMENT—REDUCTION OF RENT REASONABLE.

Where landlord leased, in connection with hardware store, shed in rear which did not belong to him, but which was essential to lessee's business, on shed's removal by owner, reduction by court of rent from $65 to $52 per month, *held,* reasonable, under circumstances.

Appeal from Calhoun; Simpson (John), J., presiding. Submitted April 8, 1932. (Docket No. 74, Calendar No. 36,403.) Decided June 6, 1932.

Bill by Francis Hardware Company, a Michigan corporation, against William D. Bosley to compel construction of a building on leased premises or reduce rent. Decree for plaintiff. Defendant appeals. Affirmed.

*James W. Mackey,* for plaintiff.

*Maxwell B. Allen* and *Clyde C. Cortright,* for defendant.

SHARPE, J. On October 30, 1928, the parties hereto entered into a written agreement whereby the defendant leased to the plaintiff—

"The first floor and basement of the store, now used for hardware, located at No. 115 south side of

As to effect of partial eviction upon liability for rent, see annotation in 17 L. R. A. 275; 41 L. R. A. (N. S.) 430; 20 A. L. R. 1369; 28 A. L. R. 1333; 64 A. L. R. 900.

West State (now Michigan avenue) of the city of Marshall, Michigan, together with warehouse and two sheds in rear thereof, and the second story over the hardware, with the exception of the two front rooms, hall and toilet,''—

for a term of four years, at an annual rental of $780, payable in monthly instalments of $65 each.

On November 24, 1928, the defendant caused the following notice to be served on the plaintiff:

"Please take notice that you are hereby required to quit, surrender and deliver up possession to me of the premises hereinafter described, which you now hold of me as my tenant on or before the 1st day of December, A. D. 1928, for the reason that I intend to terminate your tenancy, and to repossess myself of such premises on the date above mentioned, said premises being described as follows, to wit:

"The shed in the rear of Camilla Bosley store on West Michigan avenue, in the city of Marshall, Calhoun county, Michigan, said store building being known as 113 West Michigan avenue, in said city of Marshall."

The shed described in this notice was soon after removed by Camilla Bosley, whereupon plaintiff filed its bill of complaint herein, seeking to compel defendant to construct a similar building for the use of plaintiff, or, in the event of the denial of such relief, for a decree reducing the monthly rental in an appropriate amount.

Defendant in his answer alleged that the shed in question was not on his property, but belonged to Camilla G. Bosley; that it was not included in the lease to plaintiff, and that, in any event, plaintiff had an adequate remedy at law.

The trial court found that this shed was included in the lease, but felt himself powerless to order its

reconstruction, and entered a decree reducing the rental of the premises $13 per month, from which the defendant has taken this appeal.

While the shed removed was in fact situate at the rear of lot 113, instead of lot 115, there can be no question but that both plaintiff and defendant intended it to be included in the lease as written. The defendant assumed to have the right to lease it, and did so. This is clearly indicated in the notice above quoted, wherein he speaks of it as that "which you now hold of me as my tenant." It appearing, however, that this shed and the land upon which it stood did not belong to the defendant, the court could not order him to replace it. The only question presented is whether the decree reducing the rental may stand.

The rule seems well established that a partial eviction of a tenant by a stranger does not suspend the payment of the rental, but results in its apportionment. *Fillebrown* v. *Hoar,* 124 Mass. 580; *Collins* v. *Karatopsky,* 36 Ark. 316; *Halligan* v. *Wade,* 21 Ill. 470 (74 Am. Dec. 108); *Poston* v. *Jones,* 37 N. C. 350 (38 Am. Dec. 683). Under the facts here presented, we think such apportionment was properly made by the court in this proceeding.

It is urged that the reduction is out of proportion to the amount of the monthly payments. The testimony shows that this shed was a necessary adjunct to the premises plaintiff was renting, and that, when deprived of its use, he had to rent another some distance away. After a view by the trial court, he reached the conclusion above stated, and with it we are not inclined to interfere.

The decree is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.