Joseph Vella and Anna Vella, Appellees, v. Frank Pour, Jr., and Flora Pour, Appellants.

Term No. 46F8.

356

Opinion filed May 6, 1946. Rehearing denied October 4, 1946. Released for publication October 5, 1946.

HENRY B. EATON, of Edwardsville, for appellants.

SIMPSON, REED & BURROUGHS, of Edwardsville, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal from the circuit court of Madison county, to review a judgment entered on June 9, 1945, in favor of Joseph Vella and Anna Vella, plaintiffs appellees, who will be referred to herein as plaintiffs and against Frank Pour, Jr., and Flora Pour, defendants appellants, who will be referred to herein as defendants. By this judgment it was adjudged that the motion of plaintiffs to strike amended motion filed March 10, 1945 was sustained and motion of defendants to recall execution and to set aside and vacate an original judgment was denied.

It appears from the record that plaintiffs were operating what was known as the "Busy Bee Bakery,"

a bakery shop, on Main street in Edwardsville, Illinois, for several years prior to August 1, 1934. On that date plaintiffs and defendants met in the office of the attorney for plaintiffs to draw up papers for the transfer of the bakery equipment to defendants.

The total consideration agreed upon for the sale of this personal property was $7,500, of which amount defendants paid down the sum of $2,000. The balance of the principal, $5,500 was secured by the execution of 72 judgment confession notes, 71 being for the principal sum of $76 and the last one, the seventy-second for $104. This last note would become due 72 months after date, or on August 1, 1940. A chattel mortgage was executed by defendants, and the notes all carried the notation on their face that the note was secured by chattel mortgage.

It is claimed that at the time of the execution of the chattel mortgage and the notes, defendant Frank Pour, Jr., asked whether anything should be put in the bill of sale or contract as to the sale of the good will and that plaintiffs would not again engage in the bakery business in Edwardsville, Illinois, and that at that time plaintiff, Anna Vella stated, ''We are tired of the bakery business and you do not need to worry about us going into that business again. We are going into the tavern business, which will be easier on us.'' No part of this statement was incorporated in the notes or chattel mortgage, nor made a part of any written agreement between the contracting parties.

It appears that after engaging in several business enterprises in St. Louis, and in Edwardsville, on November 30, 1937, plaintiffs opened a bakery in Edwardsville, not far from the ''Busy Bee Bakery.'' In the meanwhile defendants had paid off 40 of said notes. At about the time that the forty-first note was due, defendants, through their attorney, by mail, notified plaintiffs that they were of the opinion that plaintiffs had violated their agreement with defendants

and that they, the defendants felt that they should not continue to keep up their payments on the notes.

The date of this letter was December 30, 1937. On November 24, 1943, plaintiffs secured a judgment by confession, in the circuit court of Madison county against defendants, in the sum of $3,434.71.

Defendants on December 23, 1943 filed a motion to set aside the judgment and for leave to plead, answer or demur, and to file a counterclaim, to which was attached affidavit of merits. This affidavit set forth in substance the details of the transfer of the bakery property, the consideration, the execution of the notes, and the averment that the plaintiffs had said in substance that they were tired of the bakery business in Edwardsville and would never engage in said business and that defendants need have no fear thereof; that plaintiffs had violated said promise not to engage in the bakery business and had opened a bakery in Edwardsville; that when the plaintiffs were notified that defendants would pay no more of the notes, that plaintiffs agreed and made no further effort to collect said notes.

Plaintiffs on January 19, 1944, filed a motion to strike the above motion of defendants. On February 6, 1945, the court allowed plaintiffs' motion to strike and denied defendants' motion to open up the judgment, previously rendered. Defendants then filed an amended motion, to which plaintiffs filed a motion to strike, which was sustained by the court on June 9, 1945, and the motion of defendants to vacate the judgment was denied, from which final order defendants prosecuted their appeal to this court.

Many errors are assigned as being sufficient to cause a reversal of the judgment of the lower court, but most of them are subsidiary to and the objections therein contained are embodied in the primary objections that the court erred in denying the motion of defendants to set aside the original judgment and in sustaining plaintiffs' motion to strike.

In support of these errors relied upon for reversal it is strenuously urged on behalf of defendants, that the affidavit filed by defendants alleged a promise on the part of plaintiffs not to engage in the bakery business, that the failure to keep that promise constituted a failure of consideration, and that defendants had a right to set up their damages alleged to be sustained by them, by way of recoupment.

The general rule, applied on a motion is that equitable relief will be granted against a judgment by confession to the extent only that it appears the judgment debtor has a legal or equitable defense to the debts upon which the judgment is founded. *First Nat. Bank v. Havens & Geddis Co.,* 61 Ill. App. 213, rev'd 162 Ill. 35; *Handley v. Moburg,* 266 Ill. App. 356.

The affidavits of defendants disclose no legal or equitable defense. The substance of the affidavits in support of their motion and amended motion to vacate and set aside the original judgment is that it was part of the consideration for the trade between the parties, that plaintiffs would not again engage in the bakery business, and having done so, defendants were damaged and lost profits and were entitled to a setoff as against the claim of plaintiffs. We find no definite or binding obligation, as expressed in the affidavits, on the part of plaintiffs for any valuable consideration to refrain from engaging in the business that they were disposing of to defendants. Neither the notes nor bill of sale contain any such provision. The chattel mortgage is not a part of the record of this case, but it is not claimed that it contained any such provision. Conversations had before or at the time of the execution of a contract are merged in the written instrument. *Graham v. Sadlier,* 165 Ill. 95; *Boylan v. Cameron,* 126 Ill. App. 432; *Broxham v. Harrington,* 197 Ill. App. 454; *Davis v. Fidelity Fire Ins. Co.,* 208 Ill. 375; *Sheehan v. Reardon,* 223 Ill. App. 365; *Adams v. Eisenstein,* 248 Ill. App. 559. Certainly a written mortgage would supersede all negotiations

leading to its execution. *Lane v. Allen,* 162 Ill. 426; *Wolf v. Lawrence,* 276 Ill. 11; *Illinois Refining Co. v. Welch,* 341 Ill. 292.

In the case of *Stead v. Craine,* 256 Ill. App. 445, it was held that affidavits to vacate a judgment entered by confession under a power of attorney in a lease, which purported to set forth agreements not contained in the lease, were insufficient, since they were merely an attempt to vary the terms of a written agreement by parol evidence.

It is claimed on behalf of defendants that there was a failure of consideration. Where the consideration of a promissory note is the promise of the payee to perform a certain act in the future the consideration does not fail from the nonperformance of the promise, since it is the promise to perform, and not the performance which constitutes the real consideration. *Smysor v. Glasscock,* 256 Ill. App. 29; *Gage v. Lewis,* 68 Ill. 604.

There being no failure of consideration, and no defense to the action on the notes, judgment by confession will not be opened up merely to allow defendant to plead a setoff. *Smysor v. Glasscock, supra; Stead v. Craine, supra.*

Upon a motion to vacate a judgment the law reposes in the court a liberal discretion and unless an abuse of that discretion is shown, the court's action will not be disturbed. We do not believe that there was an abuse of that discretion by the trial court. The judgment of the circuit court of Madison county is affirmed.

*Affirmed.*

BARTLEY and CULBERTSON, JJ., concur.